Esperanza **MARTINEZ, Individually and as Representative of the Estate of Antonio Martinez, David Martinez, and Antonio P. Martinez, Appellants,**

v.

**VIA METROPOLITAN TRANSIT AUTHORITY, Appellee.**

No. 04–99–00810–CV.

Court of Appeals of Texas, San Antonio.

Dec. 29, 2000.

Jeffrey C. Anderson, San Antonio, for appellant.

Jacqueline M. Stroh, Wallace B. Jefferson, Crofts, Callaway & Jefferson, P.C., Philip Marzec, Escamilla & Poneck, Inc., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice.

DUNCAN, Justice.

The Martinezes appeal the trial court's summary judgment in favor of VIA Metropolitan Transit Authority. We hold the summary judgment record conclusively establishes VIA's immunity from suit and therefore affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Antonio Martinez suffered from diabetes, renal disease, obesity, vascular disease, hypotension, and a right hemiparesis. To take him to and from the doctor's office for regular kidney dialysis, Mr. Martinez relied on VIAtrans, VIA's passenger service for disabled people. On February 25, 1997, the VIAtrans van arrived at the Martinezes' house, and Mr. Martinez was lifted up in his wheel chair into the van.

Soon after boarding the bus, Mrs. Martinez noticed her husband had passed out.

She told the driver that her husband was sick and asked him to take them to the dialysis clinic. However, the driver responded Mr. Martinez was merely asleep, and he had to pick up the next patient before proceeding to the dialysis clinic, according to VIA's rules. Mrs. Martinez did not ask the driver to call an ambulance or a doctor. When they arrived at the dialysis clinic, the driver instructed Mrs. Martinez to tell the clinic personnel he needed help getting Mr. Martinez off the van. Mrs. Martinez did so, telling the receptionist Mr. Martinez had "probably fainted." EMS arrived at the scene and transported Mr. Martinez to the nearest hospital. The next day, Mr. Martinez died of cardiac arrest secondary to anoxic encephalopathy.

The Martinezes sued VIA, alleging it was negligent in:

1. Failing to timely and properly operate a motor vehicle as a reasonable and prudent person would have done under the same or similar circumstances during a medical emergency;

2. Failing to timely and properly use tangible personal equipment such as a reasonable and prudent person would have done under the same or similar circumstances to summon aid during the occurrence of an [*sic* ] medical emergency;

3. Failing to timely and properly operate the doors and mechanical lift on a VIA Trans motor vehicle such as a reasonable and prudent person would have done under the same or similar circumstances to enable ESPERANZA MARTINEZ and her then husband, ANTONIO MARTINEZ, to leave the VIA Trans vehicle to seek emergency medical assistance; and

4. In the failure of the Defendant to maintain its motor vehicle in a safe and adequate condition by failing to provide any resuscitation equipment adequate to handle a medical emergency.

The Martinezes further alleged that VIA's immunity from suit had been waived under sections 101.021(1) and (2) of the Texas Civil Practice and Remedies Code. VIA moved for summary judgment, arguing it was immune from the Martinezes' claims. The trial court granted VIA's motion, stating it based its ruling upon *Ransom v. Center for Health Care Servs.*, 2 S.W.3d 643 (Tex.App.—San Antonio 1999, pet. denied).

## STANDARD OF REVIEW

■ This court reviews a summary judgment de novo. *See Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945 S.W.2d 160, 162 (Tex.App.—San Antonio 1997, writ denied). Thus, "we will uphold a summary judgment only if the summary judgment record establishes that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law." *Id.;* TEX.R.CIV.P. 166a(c). In determining whether a genuine issue of material fact exists, we "view as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve all doubts, in its favor." *Valores,* 945 S.W.2d at 162. Because sovereign immunity is an affirmative defense, VIA bore the burden of establishing the defense as a matter of law. *See Kinnear v. Texas Com'n on Human Rights ex rel. Hale,* 14 S.W.3d 299, 300 (Tex.2000) (citing *Davis v. City of San Antonio,* 752 S.W.2d 518, 519–20 (Tex.1988); TEX.R.CIV.P. 94).

## DISCUSSION

The Martinezes contend the trial court erred in granting VIA's motion for summary judgment, because it did not conclusively establish its immunity defense. We disagree.

■ VIA is a governmental unit with exclusively governmental functions. TEX. TRANSP.CODE ANN. § 451.052(c) (Vernon 1999). Accordingly, VIA is immune from suit unless its immunity has been waived. *Dallas County Mental Health and Retar-*

*dation v. Bossley,* 968 S.W.2d 339, 341 (Tex.), *cert. denied,* 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). Immunity is waived for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:

   (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

   (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

■ To establish a waiver of immunity under sections 101.021(1)(A) and 101.021(2), the plaintiff must first establish the use or operation of a government-owned motor-driven vehicle or a condition or use of tangible personal property. " 'Operation' refers to 'a doing or performing of a practical work,' " while " 'use' means 'to put or bring into action or service; to employ for or apply to a given purpose.' " *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg,* 766 S.W.2d 208, 211 (Tex.1989). The plaintiff must then establish "a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle or piece of equipment." *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.,* 835 S.W.2d 49, 51 (Tex.1992). Thus, when an injury occurs in a government-owned motor-driven vehicle, but the injury does not arise out of its use or operation, and the vehicle is "only the setting for the injury, immunity [from] liability is not waived." *Id.* (citing *Hopkins v.*

*Spring Indep. Sch. Dist.,* 736 S.W.2d 617, 619 (Tex.1987)). In *Hopkins,* the supreme court held immunity was not waived by a school district's failure to provide adequate medical care to a student with cerebral palsy who suffered convulsions on board a school bus, because the injury was not the proximate result of the use or operation of the school bus. *See Hopkins,* 736 S.W.2d at 619.

### Failure to Properly Operate a Vehicle

■ The Martinezes first allege Mr. Martinez's death and their damages arose out of the VIAtrans operator's "failure to timely and properly operate a motor vehicle as a reasonable and prudent person would have done under the same or similar circumstances during a medical emergency." Specifically, the Martinezes allege the driver "failed to drive the vehicle directly and expeditiously to the dialysis clinic or to the nearest medical facility" and "[f]ail[ed] to timely and properly operate the doors and mechanical lift on a VIA Trans motor vehicle" so the Martinezes could seek emergency treatment themselves. However, these contentions allege, at most, the failure to transport and the failure to operate a motor vehicle, which do not constitute allegations of an injury proximately caused by the use or operation of a vehicle. *See City of El Paso v. Hernandez,* 16 S.W.3d 409, 416 (Tex.App.—El Paso 2000, pet. denied); *City of Orange v. Jackson,* 927 S.W.2d 784, 786 (Tex.App.—Beaumont 1996, no writ); *Brantley v. City of Dallas,* 545 S.W.2d 284, 286–87 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.); *cf. Schaefer v. City of San Antonio,* 838 S.W.2d 688, 693 (Tex.App.—San Antonio 1992, no writ).

### Failure to Use or Provide Tangible Personal Equipment

■ The Martinezes next allege Mr. Martinez's death and their damages arose out of the VIAtrans operator's "[f]ailing to timely and properly use tangible personal equipment such as a reasonable and pru-

dent person would have done under the same or similar circumstances to summon aid during the occurrence of an [*sic*] medical emergency." Specifically, the Martinezes allege the driver "failed ... to contact the VIA operator, by phone, as he was instructed to do in the VIA Para Transit Dispatcher's Guide Book" and that VIA "fail[ed] to provide any resuscitation equipment adequate to handle a medical emergency." These complaints do not allege an injury proximately caused by the use or condition of tangible personal property; rather, the Martinezes allege only the non-use of personal property, which does not support a waiver of immunity under the Texas Tort Claims Act. *See Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex.1996).

## CONCLUSION

Because VIAtrans conclusively established its affirmative defense of sovereign immunity, the trial court correctly rendered a summary judgment against the Martinezes. We therefore affirm the trial court's judgment.