**Christopher Richard SMITH and the City of Schertz, Appellants,**

v.

**Delbert JANDA, as Next Friend of Hannah Janda, a Minor, Appellee.**

No. 04–03–00131–CV.

Court of Appeals of Texas, San Antonio.

Nov. 5, 2003.

William M. McKamie, Barbara L. Quirk, Law Office of William M. McKamie, P.C., San Antonio, for appellants.

Sandra H. Wadiche, Wayne Wright, Wayne Wright Injury Lawyers, L.L.P., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SARAH B. DUNCAN, Justice.

Christopher Richard Smith and the City of Schertz appeal the trial court's denial of their motion for summary judgment on the grounds of sovereign immunity. We hold the City and Smith are immune from suit and therefore reverse the trial court's order and render judgment dismissing the cause for lack of jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

Delbert Janda, as next friend of Hannah Janda, sued the City of Schertz and Christopher Richard Smith for damages arising out of a collision between Hannah Janda's automobile and the ambulance being driven by Smith. The City and Smith filed a motion for summary judgment on grounds of official and sovereign immunity. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex.2000) (trial court's subject matter jurisdiction may be raised by motion for summary judgment). After the trial court denied their motion, Smith and

the City filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5), (8) (Vernon Supp.2002).

## STANDARD OF REVIEW

We review a summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co.,* 945 S.W.2d 160, 162 (Tex. App.-San Antonio 1997, writ denied). Accordingly, we will uphold a traditional summary judgment only if the summary judgment record establishes the absence of a genuine issue of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *Id.;* TEX.R. CIV. P. 166a(c). In deciding whether the summary judgment record raises a genuine issue of material fact, "we view as true all evidence favorable to the [respondent] and indulge every reasonable inference, and resolve all doubts, in its favor." *Valores,* 945 S.W.2d at 162.

## DISCUSSION

The City and Smith argue the trial court erred in denying their motion for summary judgment because they are immune from suit. We agree.

■ A governmental unit is immune from both suit and liability unless its immunity has been waived. *See Texas Dep't of Transp. v. Garza,* 70 S.W.3d 802, 806 (Tex.2002). Section 101.021(1) of the Texas Tort Claims Act waives immunity for claims arising from the use of a motor-driven vehicle by a governmental unit's employee. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1997). However, the governmental unit retains its immunity from suit if one of the exceptions to the waiver of immunity in the Act applies. *See, e.g., Garza,* 70 S.W.3d at 806 (State retains immunity from suit if the exception in section 101.056 for discretionary acts and omissions applies).

■ Among the grounds urged by the City in its motion for summary judgment is the exception to the waiver of sovereign immunity contained in section 101.055(2), which provides that the Act "does not apply to a claim arising ... from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action...." TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(2) (Vernon 1997). The "law[ ] applicable to emergency action" in this context is section 546.005 of the Texas Transportation Code, which provides that, although the driver of an emergency vehicle must drive "with appropriate regard for the safety of all persons," he is not relieved of "the consequences of reckless disregard for the safety of others." TEX. TRANSP. CODE ANN. § 546.005 (Vernon 1999). Interpreting the uncodified predecessor of section 546.005, the Supreme Court of Texas held that this provision "imposes a *duty* to drive with due regard for others by avoiding negligent behavior, but it only imposes *liability* for reckless conduct." *City of Amarillo v. Martin,* 971 S.W.2d 426, 431 (Tex.1998). Thus, a governmental entity is immune from suits to recover damages resulting from the emergency operation of an emergency vehicle unless the operator acted recklessly; that is, "committed an act that the operator knew or should have known posed a high degree of risk of serious injury." *Id.* at 430.

■ In its motion for summary judgment, the City sought to establish that Smith was not reckless as a matter of law and therefore the City retains its sovereign immunity. In considering whether the City was successful in doing so, we consider only the City's summary judgment evidence that Janda did not dispute and to which Janda did not object. This

evidence establishes that Smith was driving the ambulance in an emergency situation with the lights and sirens activated as he approached the intersection where the accident occurred. Other drivers at the intersection could hear and see the sirens and lights. At the intersection, Smith slowed down and looked around. Then, seeing that all traffic had stopped or yielded to him, he proceeded into the intersection without coming to a complete stop. As Smith entered the intersection, Janda pulled out in front of him from the right; and Smith hit the drivers' side of Janda's car. We hold this evidence is sufficient to establish that Smith was not reckless as a matter of law.

▮ Because the motion for summary judgment established Smith was not reckless as a matter of law, the burden shifted to Janda to raise a genuine issue of material fact on this issue. In responding to the City's motion for summary judgment, Janda submitted evidence that Smith's light was red when he entered the intersection and argued that the "question of who had a red light ... cannot be answered and remains a genuine issue of material fact." We disagree. "Proceeding through a red light is a specifically enumerated privilege of emergency vehicles in emergency situations." *Martin*, 971 S.W.2d at 431 (citing Tex. Transp. Code Ann. § 546.001(2)). Thus, "an emergency vehicle operator responding to an emergency call is allowed to proceed against a red traffic light *after slowing for safe operation*." *Flores v. City of San Antonio*, No. 04–99–00555–CV, 2000 WL 767871, at *4 (Tex.App.-San Antonio June 14, 2000, pet. denied) (not designated for publication); *id.* ("As noted by the court in *Hale*, emergency vehicle operators are insulated under Chapter 546 from conduct short of recklessness, for proceeding through a red light after slowing for safe operation *with audible or visual signals* activated.") (citing *Hale v. Pena*, 991 S.W.2d 942, 946–47 (Tex.App.-Fort Worth 1999, no pet.)). It is undisputed Smith had activated his lights and siren, slowed the ambulance, and ascertained that traffic was yielding to him before he proceeded into the intersection; accordingly, that Smith entered the intersection against a red traffic light is insufficient, in and of itself, to raise a genuine issue of material fact as to whether he acted recklessly.

### Conclusion

The summary judgment evidence conclusively establishes that Janda's claim arises "from the action of an employee while responding to an emergency call or reacting to an emergency situation" and that the employee's "action [was] in compliance with the laws and ordinances applicable to emergency action...." Tex. Civ. Prac. & Rem.Code Ann. § 101.055(2) (Vernon 1997). Consequently, the waiver of sovereign immunity in the Tort Claims Act therefore "does not apply," *id.*, and the City retains its immunity from suit arising from Smith's actions. *Cf. Garza*, 70 S.W.3d at 806. Accordingly, we reverse the trial court's order denying summary judgment and render judgment dismissing the cause for lack of subject-matter jurisdiction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106 (Vernon 1997) (rendition of judgment or settlement in action against governmental entity action bars action against employee as a matter of law).

ALMA L. LÓPEZ, C.J., filed dissenting opinion.

Dissenting opinion by ALMA L. LÓPEZ, Chief Justice.

In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, and every

reasonable inference must be indulged in favor of the non-movant and doubts resolved in his favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

The majority holds that evidence that Smith entered into the intersection against a red light is insufficient to raise a genuine issue of material fact as to whether Smith acted recklessly because Smith was statutorily authorized to proceed against a red traffic light *after slowing for safe operation*. The majority also concludes that the "motion for summary judgment established Smith was not reckless as a matter of law." In reaching this conclusion, the majority must necessarily rely on the testimony of Smith and Dudley Wait, Smith's expert. In my opinion, however, neither Smith's nor Wait's testimony can be relied upon to conclusively establish that Smith sufficiently slowed the ambulance "as necessary for safe operation," because both Smith and Wait relied on Smith's testimony that Smith's light was green. In fact, despite the statutory language, Smith testified that if his light was red, he would have been required to stop. Smith testified as follows:

Q. Fair enough, Code 3, what is the procedure?

A. Code 3, the procedure would be lights and sirens are going. I am to yield to traffic as traffic is to yield to me at the same time. I slow down assuming that traffic is going to yield to me; and upon doing that, if there is a red light, I must first stop at the red light and clear the intersection, noticing that all traffic is going to yield before proceeding through it; and at that time I would be able to use turning lanes, of course, going the proper direction, but also still making sure that I

come to a complete stop before proceeding through the intersection.

Q. Okay, and where are you supposed to stop?

A. I am supposed to stop where all the other designated cars are supposed to—where the cars are designated to stop, behind the line.

As to the occurrence in question, Smith testified that he "didn't come to a complete stop [at the intersection] due to the light being green." Furthermore, Janda testified that it looked like the ambulance was going fast, although she could not say at what speed.

In my opinion, summary judgment could have been granted in this case if Wait had assumed that the light was red and stated that Smith slowed "as necessary for safe operation" in view of the red light. None of the evidence in our record, however, conclusively establishes that Smith slowed as necessary for safe operation in proceeding past a *red* light because the only evidence relating to whether Smith sufficiently slowed the ambulance is based on the disputed assumption that the light was *green*. The majority cannot, in my opinion, rely on testimony that Smith slowed the ambulance in proceeding past a *green* light to conclude as a matter of law that Smith slowed "as necessary for safe operation" in proceeding past a *red* light. Because the majority fails to apply the governing standard of review by overlooking the effect that the disputed assumption has on the summary judgment evidence that was presented, I respectfully dissent.