LIPAN INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

Michael Jay BIGLER, Appellee.

No. 2–05–299–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 23, 2006.

Fanning, Harper & Martinson, Thomas P. Brandt, Stephen D. Henninger and Robert Fugate, Dallas, for appellant.

The Law Office of Rebecca Davis, P.L.L.C., Rebecca Davis, Law Office of Roger W. Phillips, Roger W. Phillips, Weatherford, for appellee.

PANEL A: CAYCE, C.J.;
LIVINGSTON and HOLMAN, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

### I. INTRODUCTION

Appellant Lipan Independent School District ("LISD") brings this interlocutory appeal from the trial court's judgment denying its plea to the jurisdiction on Appellee Michael Jay Bigler's claims. In three issues, LISD complains that the trial court erred by denying its plea to the jurisdic-

tion because LISD is immune from suit for Bigler's claims and because the trial court improperly admitted and considered certain evidence. Because we hold that Bigler invoked the trial court's subject matter jurisdiction by alleging facts establishing a waiver of LISD's governmental immunity pursuant to the Texas Tort Claims Act [1] ("TTCA"), we affirm.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2003, a Lipan High School agricultural science class was constructing a fence around the school gymnasium. To facilitate the project, the LISD Superintendent had loaned his tractor and auger [2] to the students, who were assisted and supervised by their instructor, Brad Harrison. The auger was attached to a mounting on the rear of the tractor, and the tractor powered the auger through a power take-off ("PTO") shaft. The students operated the auger, and Harrison sat in the tractor's seat. Harrison allowed the students operating the auger to apply additional weight to a handle on the auger, which was meant to speed up the hole digging process.

Bigler, one of the students in class, arrived around 11:00 a.m. to help his classmates build the fence. Shortly thereafter, while he was applying pressure to the auger, Bigler's jacket became entangled in the auger, which captured his right arm and twisted it. After unsuccessfully attempting to free Bigler from the auger by grabbing his legs and pulling on him, Harrison and Bigler's classmates used their pocket knives to cut Bigler's jacket and release his arm from the auger.

Bigler sued LISD, claiming that he sustained injuries and incurred damages

---

1. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 2005).

2. An auger is a machine with a rotating helical shaft used for boring holes—especially post holes—into the soil.

caused by LISD's negligence. Bigler alleged that LISD, through Harrison, "operated and used a motor-driven vehicle in a negligent manner" and that LISD had waived its sovereign immunity and was liable pursuant to section 101.021(1) of the TTCA. The negligent acts and omissions that Bigler pleaded were (1) Harrison's failure to use safe and appropriate procedures during the use and operation of the motor vehicle; (2) Harrison's issuance of affirmative instructions to the students to apply manual weight to the auger when it was unsafe to do so; (3) Harrison's failure to keep a proper lookout for Bigler's safety; (4) Harrison's failure to operate the motor vehicle in a safe manner; and (5) Harrison's failure to adequately warn Bigler of the dangers associated with the tractor.

LISD filed a plea to the jurisdiction in response to Bigler's original petition. LISD asserted that Bigler's pleadings and claims do not fall within the TTCA's limited waiver of governmental immunity from suit for school districts because his injuries resulted from the use or operation of motor-driven equipment, not a motor-driven vehicle. Consequently, LISD argued that it was immune from suit for Bigler's claims. LISD attached Harrison's affidavit in support of its plea. Bigler filed a response and supplemental response to LISD's plea to the jurisdiction, which included affidavits from Bigler and Harrison, deposition testimony from the LISD Superintendent and Harrison, a partial transcript from a video produced by the FEMA[3] Post Hole Digger Council, and the assembly and operating instructions from a Model 65 Post Hole Digger. The trial court ultimately denied LISD's plea to the jurisdiction.

## III. WAIVER OF GOVERNMENTAL IMMUNITY

In its first issue, LISD argues that it is immune from suit for Bigler's tort claims because Bigler's alleged injuries were not proximately caused by any use or operation of a motor-driven vehicle and that Bigler's claims allege mere negligent supervision. LISD contends that Bigler therefore failed to plead facts establishing a waiver of governmental immunity under section 101.021(1) of the TTCA.

### A. Plea to the Jurisdiction

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action.[4] Whether the trial court had subject matter jurisdiction is a question of law that we review de novo.[5] The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction.[6] In determining whether the plaintiff has met this burden, we look to the allegations in the pleadings, accept them as true, and construe them in favor of the pleader.[7] We must also consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised.[8]

### B. Governmental Immunity and the TTCA

---

**3.** FEMA stands for "Farm Equipment Manufacturers Association."

**4.** *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999).

**5.** *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *City of Fort Worth v. Crockett,* 142 S.W.3d 550, 552 (Tex.App.-Fort Worth 2004, pet. denied).

**6.** *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993).

**7.** *Id.; Univ. of N. Tex. v. Harvey,* 124 S.W.3d 216, 220 (Tex.App.-Fort Worth 2003, pet. denied).

**8.** *Bland ISD v. Blue,* 34 S.W.3d 547, 555 (Tex.2000).

■ Governmental immunity from suit defeats a court's subject matter jurisdiction.[9] However, the TTCA provides a limited waiver of immunity, allowing suits to be brought against government units in certain narrowly-defined circumstances.[10] In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity.[11] Thus, LISD, as a governmental unit, is immune from suit for Bigler's injuries unless that immunity has been waived by the TTCA.[12]

The TTCA provides in relevant part:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the opera-

tion or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law ... [.][13]

Section 101.051 limits a school district's immunity waiver to claims involving motor vehicles.[14]

■ While the terms "use" and "operation" are not defined by the TTCA, the supreme court has defined "use" as "to put or bring into action or service; to employ for or apply to a given purpose" and "operation" as "a doing or performing of a practical work."[15] The supreme court has also interpreted the phrase "arises from" as requiring a nexus between the operation or use of the motor-driven vehicle and the plaintiff's injuries.[16] The vehicle's use must have actually caused the injury; "mere involvement" of the property is insufficient.[17] "The operation or use of a motor vehicle does not cause injury if it does no more than furnish the condition

9. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003).

10. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001); *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341–42 (Tex.1998).

11. *Whitley*, 104 S.W.3d at 542.

12. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021; *LeLeaux v. Hamshire–Fannett ISD*, 835 S.W.2d 49, 51 (Tex.1992); *Montoya v. Houston ISD*, 177 S.W.3d 332, 336 (Tex.App.-Houston [1st Dist.] 2005, no pet.).

13. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(1)(A), (B); *see id.* § 101.025 (waiving immunity from suit for such claims).

14. *Id.* § 101.051 ("Except as to motor vehicles, this chapter does not apply to a school district or to a junior college district.").

15. *Whitley*, 104 S.W.3d at 542; *LeLeaux*, 835 S.W.2d at 51.

16. *Whitley*, 104 S.W.3d at 543 ("We have consistently required a nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries."); *LeLeaux*, 835 S.W.2d at 51; *Martinez v. VIA Metropolitan Transit Auth.*, 38 S.W.3d 173, 177 (Tex.App.-San Antonio 2000, no pet.) (reasoning that plaintiff must establish both the use or operation of a motor-driven vehicle and a nexus between her injuries and the motor-driven vehicle's use or operation to establish a waiver of immunity under section 101.021(1)(A)).

17. *Whitley*, 104 S.W.3d at 543; *Bossley*, 968 S.W.2d at 343; *see also Montoya*, 177 S.W.3d at 337 (holding that plaintiff failed to demonstrate that the alleged injuries arose from the bus driver's operation or use of the bus); *Estate of Garza v. McAllen ISD*, 613 S.W.2d 526, 527 (Tex.Civ.App.-Beaumont 1981, writ ref'd n.r.e.) (reasoning that plaintiff's injuries arose out of the failure to supervise the public, not from the operation or use of a motor vehicle).

that makes the injury possible."[18] "If the employee's act involved only supervision or control, immunity has not been waived, even if the act took place on or near the motor vehicle."[19] Accordingly, a school district is liable for a personal injury proximately caused by one of its employees' negligence only if the injury arises from the operation or use of a motor-driven vehicle.

## C. Bigler's Alleged Injuries Arise From the Operation or Use of a Motor-Driven Vehicle

■ LISD asserts that the tractor was not a "motor-driven vehicle" within the meaning of the TTCA under the facts of this case because it was not moving at the time Bigler was injured.[20] The supreme court has held that a tractor is a motor-driven vehicle within the meaning of the TTCA.[21] The court reasoned that "[c]ommon usage has made the phrase 'motor vehicle' a generic term for all classes of self-propelled vehicles not operating on stationary rails or tracks" and that the term thus "includes various vehicles which cannot be classified as automobiles."[22] The fact that the tractor in this case was stationary is not determinative of whether it is a motor-driven vehicle.[23] Accordingly, we hold that the tractor was a motor-driven vehicle within the meaning of the TTCA.

■ LISD further argues that Harrison was not engaged in the "operation or use" of the tractor when Bigler was injured, as the TTCA requires. The record shows, however, that at the time of the accident Harrison was sitting in the tractor and operating the auger attached to the rear of the tractor to dig post holes for the purpose of erecting a fence around the gymnasium. The auger was powered through the tractor by the PTO shaft. The auger works only when someone is operating the tractor. Harrison may not have been driving the tractor when Bigler was injured but he was using or operating it for the purpose of utilizing the auger. We, therefore, hold that Harrison was indeed using or operating the tractor as contemplated by the TTCA when Bigler was injured.[24]

■ Finally, LISD contends that there is no nexus between Bigler's injuries and Harrison's alleged use and operation of the tractor. LISD argues that Bigler's alleged injuries were proximately caused by the auger and not the tractor; the tractor "was nothing more than a stationary source of power for the cause of the incident: the auger."

18. *Whitley,* 104 S.W.3d at 543; *see also Dallas Area Rapid Transit v. Willis,* 163 S.W.3d 814, 817 (Tex.App.-Dallas 2005, pet. filed).

19. *King v. Manor ISD,* No 03–02–00473–CV, 2003 WL 21705382, *2 (Tex.App.-Austin July 24, 2003, no pet.).

20. LISD contends, "It is true that a tractor has been considered a 'motor vehicle' in a different factual setting, specifically, when the tractor at issue *ran over someone.*" LISD thus concludes that "[t]he tractor was not in use as any type of vehicle" because it was not "driven too fast," not "turned in an unsafe manner," not "driven somewhere it should not have been," or not "timely braked."

21. *Slaughter v. Abilene State School,* 561 S.W.2d 789, 792 (Tex.1977).

22. *Id.* The Texas Transportation Code defines "motor vehicle" as a self propelled vehicle and includes the term "motor vehicle" within the definition of "farm tractor." Tex. Transp. Code Ann. § 502.001(5), (13) (Vernon Supp. 2005).

23. *See Willis,* 163 S.W.3d at 817 ("The fact that the bus was stationary is not determinative of whether it was being used or operated.").

24. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1)(A); *Willis,* 163 S.W.3d at 817.

The auger was connected to a rear attachment on the tractor, and the tractor provided the power source for the auger, which turned the auger's helical blades. The auger would be incapable of causing injury to Bigler in the manner it allegedly did without the power provided by the tractor's engine.[25] Thus, the operation or use of the tractor did more than furnish the condition that made Bigler's injuries possible; the tractor's use actually caused the injury.[26] There is, therefore, a nexus between Bigler's alleged injuries and the operation or use of the tractor.[27]

In sum, we hold that Bigler invoked the trial court's subject matter jurisdiction by alleging facts establishing a waiver of LISD's immunity from suit under the TTCA. We therefore overrule LISD's first issue.

## IV. PLEA TO THE JURISDICTION EVIDENCE

 In its second and third issues, LISD argues that the trial court abused its discretion by admitting into evidence the partial transcript from a video produced by the FEMA Post Hole Digger Council and the assembly and operating instructions from a Model 65 Post Hole Digger. LISD contends that these items of evidence are irrelevant, unauthenticated hearsay.

Whether or not the trial court erred in admitting the video transcript and instruction manual, LISD has not shown that the trial court's ruling constitutes reversible error.[28] LISD merely argues that Bigler's "constant written and oral theme was built on an attempt to get to a jury on negligence issues" and that Bigler relied heavily on this irrelevant "jury argument" during the hearing on the plea to the jurisdiction. LISD does not explain how the video transcript and operating instructions caused the rendition of an improper denial of LISD's plea to the jurisdiction or prevented LISD from presenting its sovereign immunity defense.[29] We overrule LISD's second and third issues.

---

**25.** *Cf. Vidor ISD v. Bentsen,* No. 09–04–00401–CV, 2005 WL 1653873, at *1 (Tex. App.-Beaumont July 14, 2005, no pet.) (holding that plaintiff who sustained injuries after becoming entangled in a rope attached to a truck being used to move a concrete picnic table satisfied nexus requirement).

**26.** *See Whitley,* 104 S.W.3d at 543; *Bossley,* 968 S.W.2d at 343.

**27.** The cases LISD relies upon are inapposite because they do not involve allegations of injuries proximately caused by the negligent operation or use of a motor-driven vehicle. *See Tarkington ISD v. Aiken,* 67 S.W.3d 319, 325–26 (Tex.App.-Beaumont 2002, no pet.) (holding that plaintiff's claims relating to the improper supervision, direction, and control of non-employees fall outside the scope of the TTCA); *Gainesville Mem'l Hosp. v. Tomlinson,* 48 S.W.3d 511, 513–14 (Tex.App.-Fort Worth 2001, pet. denied) (holding that hospital did not waive sovereign immunity under tangible-

property exception to the TTCA in suit where plaintiff sustained injuries after falling out of hospital bed); *Brookshire v. Houston ISD,* 508 S.W.2d 675, 678–79 (Tex.Civ.App.-Houston [14th Dist.] 1974, no writ) (holding that a forklift is not a "motor vehicle" within the meaning of the TTCA); *See also Austin ISD v. Gutierrez,* 54 S.W.3d 860, 866–67 (Tex.App.-Austin 2001, pet. denied) (holding that school district did not establish as a matter of law that bus driver's honking of school bus's horn did not constitute "use" or "operation" of a motor vehicle).

**28.** *See* TEX. R. APP. P. 44.1(a); *Romero v. KPH Consolidation, Inc.,* 166 S.W.3d 212, 220 (Tex.2005).

**29.** *See City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753–54 (Tex.1995) (reasoning that a successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted).

## V. Conclusion

Having overruled all three of LISD's issues, we affirm the trial court's judgment.