COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-249-CV

 

 

CITY OF ARLINGTON, TEXAS                                                APPELLANT

 

                                                   V.

 

CHARLES BARNES, RYAN MATTHEW 

ROBINSON, AND CAROLYN
WARREN                                      APPELLEES

 

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant City of Arlington,
Texas, brings this interlocutory appeal from the trial court=s judgment denying its plea to the jurisdiction and motions for
summary judgment.  In its sole issue,
appellant argues that appellees failed to establish a waiver of governmental
immunity.  We reverse and render.








                                        Background Facts

Officer Dace Warren of the
Arlington Police Department was driving northbound on Fielder Road in an
emergency situation[2]
with the lights and sirens activated in his police car as he approached the
intersection of Fielder Road and Randol Mill Road.[3]  Appellee Charles Barnes, who was driving
southbound on Fielder Road and was stopped at the red light at the intersection
of Fielder Road and Randol Mill Road, saw Officer Warren=s lights and heard the sirens. 
Appellee Ryan Matthew Robinson was driving westbound on Randol Mill Road
when he came to the intersection of Randol Mill Road and Fielder Road.  Robinson did not hear Officer Warren=s siren or see his lights but continued through the intersection at
the same speed, which was about forty miles per hour, as the light turned from
green to yellow. 








As Officer Warren approached
the intersection, he changed his siren pitch to alert oncoming traffic, slowed
down to allow a white car to go through the intersection, and checked in both
directions for additional traffic.  Because
he did not see any more cars, Officer Warren entered the intersection with a
red light as Robinson also entered the intersection with a yellow light.  In deposition testimony, Barnes stated that
Robinson did not appear to be speeding; however he heard a loud acceleration
from the pipes of Robinson=s truck.  As soon as Officer
Warren saw Robinson, he accelerated and tried to get as much speed as he could
to get through the intersection; according to Officer Warren, Athere was no time for any other reaction.@  Robinson=s truck hit the right rear of Officer Warren=s car behind the passenger door, causing the police car to spin into
Barnes=s car.  Barnes received injuries
to his knee, left wrist, and neck.[4]








In the personal injury suit[5]
that followed, appellant filed a plea to the jurisdiction, summary judgment,
and no-evidence motions for summary judgment claiming that it had immunity from
appellees= lawsuit and
that Officer Warren=s conduct
fell within one of the exceptions to the Texas Tort Claims Act (TTCA).  The trial court denied appellant=s motions.  Appellant filed an
interlocutory appeal under section 51.014(a)(8) of the civil practice and
remedies code.[6]  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp. 2007).

                                       Standard of Review

In its sole issue, appellant
complains that the trial court erred by denying its plea to the jurisdiction
and traditional and no-evidence motions for summary judgment because appellees
failed to establish a waiver of immunity by appellant.  Specifically, appellant contends that the
evidence shows that Officer Warren=s actions were, at most, negligent, which is insufficient to waive
immunity.  Because a plea to the
jurisdiction implicates the trial court=s subject matter jurisdiction, we will address it first.

1.     Plea
to the Jurisdiction








A plea to the jurisdiction
challenges the trial court=s authority to determine the subject matter of the action.  See Tex. Dep=t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999); see also Tex. Dep=t of Transp. v. Andrews, 155 S.W.3d
351, 355 (Tex. App.CFort Worth
2004, pet. denied).  We review the trial
court=s ruling on a plea to the jurisdiction based on governmental immunity
from suit under a de novo standard of review. 
Tex. Dep=t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004); Tex. Natural Res. Conservation Comm=n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002); Andrews, 155 S.W.3d at 355. 
It is the plaintiff=s burden to allege facts that affirmatively establish the trial court=s subject matter jurisdiction.  See
Tex. Ass=n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993); see Andrews, 155 S.W.3d at 355. 
In determining whether the plaintiff has met this burden, we look to the
allegations in the plaintiff=s pleadings, accept them as true, and construe them in favor of the
plaintiff.  Miranda, 133 S.W.3d at
228; see also Sanders v. City of Grapevine, 218 S.W.3d 772, 777 (Tex.
App.CFort Worth 2007, pet. denied); see also Univ. of N. Tex. v. Harvey,
124 S.W.3d 216, 220 (Tex. App.CFort Worth 2003, pet. denied).








We must also consider
evidence relevant to jurisdiction when it is necessary to resolve the
jurisdictional issue raised.  Bland
ISD v. Blue, 34 S.W.3d 547, 555 (Tex. 2000); Andrews, 155 S.W.3d at
355.  If the evidence creates a fact
question regarding the jurisdictional issue, then the trial court cannot grant
the plea to the jurisdiction, and the fact issue will be resolved by the
fact-finder.  Miranda, 133 S.W.3d
at 227-28; Andrews, 155 S.W.3d at 355. 
However, if the relevant evidence is undisputed or fails to raise a fact
question on the jurisdiction issue, the trial court rules on the plea to the
jurisdiction as a matter of law.  Miranda,
133 S.W.3d at 228; Andrews, 155 S.W.3d at 355.  This procedure generally mirrors that of a
summary judgment under Texas Rule of Civil Procedure 166a(c), and the burden is
on the government to meet the summary judgment standard of proof.  Miranda, 133 S.W.3d at 228; Pakdimounivong
v. City of Arlington, 219 S.W.3d 401, 408 (Tex. App.CFort Worth 2006, pet. denied).

2.     Immunity
and the Texas Tort Claims Act








In Texas, sovereign immunity[7]
deprives a trial court of subject matter jurisdiction for lawsuits in which the
State or certain governmental units have been sued unless the State consents to
suit.  Miranda, 133 S.W.3d at
225-26; Teague v. City of Jacksboro, 190 S.W.3d 813, 816 (Tex. App.CFort Worth 2006, pet. denied). 
The TTCA, however, provides a limited waiver of immunity, allowing suits
to be brought against governmental units in certain narrowly-defined
circumstances.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.021 (Vernon 2005); Tex. Dep=t of Criminal Justice v. Miller, 51
S.W.3d 583, 587 (Tex. 2001); Dallas County MHMR v. Bossley, 968 S.W.2d
339, 341-42 (Tex. 1998); see also Sanders, 218 S.W.3d at 778.  Under the TTCA, a governmental unit=s immunity from suit is waived to the extent that the TTCA allows
liability.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.025(a); Denton County v. Beynon, 242 S.W.3d 169, 173 (Tex.
App.CFort Worth 2007, pet. filed). 
For instance, a city waives its immunity for claims arising from the use
of a motor driven vehicle by a governmental unit=s employee, such as a police officer driving a patrol car.  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.021(1)(A); see Sanders, 218 S.W.3d at 778; see
also Pakdimounivong, 219 S.W.3d at 410; Smith v. Janda, 126 S.W.3d
543, 545 (Tex. App.CSan Antonio
2003, no pet.).  However, the
governmental unit retains its immunity from suit if one of the exceptions to
the waiver of immunity in the TTCA applies. 
See  Pakdimounivong, 219
S.W.3d at 410; see also Smith, 126 S.W.3d at 545.













One exception to the waiver
of governmental immunity contained in section 101.055(2) provides that the TTCA
Adoes not apply to a claim arising . . . from the action of an employee
while responding to an emergency call or reacting to an emergency situation if
the action is in compliance with the laws and ordinances applicable to
emergency action.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.055(2) (Vernon 2005); Lipan ISD v. Bigler, 187 S.W.3d 747,
750 (Tex. App.CFort Worth
2006, pet. denied); Smith, 126 S.W.3d at 545.  The laws regarding the operation of an
emergency vehicle are located in the Texas Transportation Code.  See Tex.
Transp. Code Ann. ''
546.001-.006 (Vernon 1999 and Supp. 2007). 
Section 546.001 allows the operation of an emergency vehicle to proceed
past a red light after slowing as necessary for safe operation when the operator
is responding to an emergency call.[8]  Id. at ' 546.001(2).  Section
546.005 provides that, although the driver of an emergency vehicle must drive Awith appropriate regard for the safety of all persons,@ he is not relieved of Athe consequences of reckless disregard for the safety of others.@  Id. at ' 546.005; see Smith, 126 S.W.3d at 545; see also Hale v.
Pena, 991 S.W.2d 942, 948 (Tex. App.CFort Worth 1999, no pet.). 
Interpreting the uncodified predecessor of section 546.005, the Texas
Supreme Court held that this provision Aimposes a duty to drive with due regard for others by avoiding
negligent behavior, but it only imposes liability for reckless conduct.@  City of Amarillo v. Martin,
971 S.W.2d 426, 431 (Tex. 1998). 
Thus, a governmental entity is liable for damages resulting from the
emergency operation of an emergency vehicle only if the operator acted
recklessly; that is, only if the operator Acommitted an act that the operator knew or should have known posed a
high degree of risk of serious injury@ but did not care about the result. 
Id. at 430.  Because under
the TTCA, a governmental entity=s immunity from suit is waived only to the extent the TTCA authorizes
liability, a governmental entity is immune from suits resulting from the
emergency operation of an emergency vehicle unless the operator acted
recklessly.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.025; Smith, 126 S.W.3d at 545.

Analysis

In its plea to the
jurisdiction, appellant alleged that Officer Warren was not reckless as a
matter of law, and therefore appellant retained its governmental immunity.  Appellees, however, contend that the evidence
raises a fact issue as to whether Officer Warren acted with reckless disregard
for the safety of others when he entered into the intersection.  See Tex.
Transp. Code Ann. ' 546.005(2).  We must thus address whether any evidence
shows that Officer Warren=s actions
were taken with reckless disregard for the safety of others.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.055(2); see also Pakdimounivong, 219 S.W.3d at 410.

1.     Arlington Police Department Accident Review
Board=s Findings
are not   Evidence of Recklessness

 

Appellees contend that a
written reprimand of Officer Warren by the Arlington Police Department Accident
Review Board (Review Board) creates a fact issue regarding whether Officer
Warren=s actions were reckless.








After conducting an
investigation into whether Officer Warren=s actions were in compliance with city ordinances and state law, the
Review Board determined that Officer Warren Afailed to exercise due care in entering an intersection during
emergency response to an emergency call.@  It issued a written reprimand
that reads as follows: 

CHARGE Conduct
constituting violation of City of Arlington Personnel Policies Section 201.02.B
Violation of Rules, specifically Section 109.04.  Operation of Vehicles, which states in
part: A. . .
4. An employee shall operate any vehicle used for city business in a careful
and prudent manner and shall obey the . . . policies . . . of the city . . .@  To wit: Arlington Police Department General
Order 402.02, which states in part:

 

A. Obedience
to Laws and Regulations.  Employees
of this department must observe and adhere to all traffic laws and regulations
except when permitted to do otherwise by this directive.

 

B. Statutory
Authority to Disobey Regulations. 
Texas Transportation Code Sec. 546.002 permits disregard of certain
traffic regulations when an authorized emergency vehicle is in response to an
emergency call or in pursuit.  Sec. 546.005
specifically provides that these authorizations Ado
not relieve the operator . . . from the duty to operate the vehicle with
appropriate regard for the safety of all persons or the consequences of
reckless disregard for the safety of others.@

 

The reprimand then concluded that Officer Warren Aentered the intersection when it was unsafe to do so@ and ordered him to Arefrain from further misconduct of this nature.@ 








Although Officer Warren was
charged with failure to comply with section 546.005 of the transportation code,
the Review Board did not make any findings that he was reckless.  Its sole conclusion was that he Afailed to exercise due care in entering an intersection during
emergency response to an emergency call@ in compliance with Arlington Police Department=s internal policies.  Appellant=s internal disciplinary documents are thus evidence only that Officer
Warren acted negligently in entering the intersection; they are not evidence
that he committed an act that he knew or should have known posed a high degree
of risk or serious injury.  See City
of Amarillo, 971 S.W.2d at 430.  The
written reprimand is not evidence raising a fact issue as to whether he acted
with reckless disregard for the safety of others because the Review Board
determined only that he was negligent; nothing in the written reprimand changes
or adds to the Review Board=s findings that he failed to exercise due care only.  See id. at 429.








Thus, even when viewed
together, this evidence does not raise a fact issue as to whether Officer
Warren was reckless as a matter of law; there is still only evidence of his
negligence, which does not waive immunity. 
Accordingly, we hold that the Review Board=s findings and reprimand do not create a fact issue as to whether
Officer Warren=s actions
were taken with reckless disregard for the safety of Robinson or Barnes.  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.055(2); see also City of Amarillo, 971 S.W.2d at 430.

2.     Other
Evidence

We must next determine if any
other evidence raises a fact issue as to whether Officer Warren=s actions were taken with reckless disregard for the safety of
others.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.055(2).

The evidence shows that
Officer Warren was driving his police car in an emergency situation with the
lights and sirens activated when he entered the intersection.  At the intersection, Officer Warren slowed
down and looked around.  Then, seeing
that traffic had stopped or yielded to him, he proceeded into the intersection
without coming to a complete stop. 
Officer Warren did not see Robinson=s truck until after he had entered the intersection; he then
accelerated to try to clear the intersection and to avoid a collision with
Robinson.[9]  Robinson, however, hit the rear passenger
side of the police car driven by Officer Warren, and the police car hit Barnes=s car.








Appellees did not present any
evidence or plead any other facts, which when taken as true, raise a fact issue
as to whether Officer Warren knew or should have known that entering the
intersection posed a high degree of risk of serious injury, yet proceeded
without caring about this high degree of risk. 
Therefore, we hold that appellant met its burden to establish as a
matter of law that Officer Warren was not reckless and that appellant=s immunity was not waived.  We
sustain appellant=s sole
issue.[10]

Conclusion

Having sustained appellant=s sole issue, we reverse the trial court=s judgment denying appellant=s plea to the jurisdiction and render judgment dismissing appellees= claims against appellant for lack of subject matter jurisdiction.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON, and MCCOY, JJ.

 

DELIVERED: March 27, 2008











[1]See Tex. R. App. P. 47.4.





[2]Officer
Warren had received a Ashots
fired@ call
and was headed to that location when the accident occurred.





[3]Officer
Warren=s
mother, Carolyn Warren, was riding with her son and seated in the front
passenger seat.





[4]The
record indicates that neither Officer Warren, Carolyn Warren, nor Robinson were
injured.





[5]Barnes
sued appellant and Robinson for his injuries. 
Robinson filed a general denial with an affirmative defense, claiming
that the accident resulted from Officer Warren=s
negligence.  Subsequently, Carolyn Warren
intervened and sued Robinson.  Robinson
filed a general denial and cross-claim against appellant for contribution and
indemnity on Carolyn Warren=s claims.





[6]All
parties are subject to the appeal except intervenor Carolyn Warren who did not
assert a claim against appellant and disclaimed any interest in the appeal.





[7]Sovereign
immunity refers to the State=s immunity while governmental
immunity refers to the immunity of political subdivisions of the State,
including counties, cities, and school districts.  See Ben Bolt-Palito Blanco Consol. ISD v.
Tex. Political Subdiv. Prop./Cas. Joint Self-Ins. Fund, 212 S.W.3d 320, 323
n.2 (Tex. 2006); Sanders, 218 S.W.3d at 775-76 n.1.





[8]The
city policy that applies in this case obligates officers to follow all traffic
rules and regulations, including Texas Transportation Code sections 546.002 and
546.005.  Arlington Police Dep=t
General Order 402.02.





[9]Appellees
urge that Officer Warren=s
full acceleration was evidence of recklessness; however, Officer Warren
testified that he accelerated to get as much speed as possible to clear the
intersection.





[10]Because
we hold that the trial court did not have subject matter jurisdiction, we need
not address appellant=s
challenges to the denial of its motions for summary judgment.  Tex.
R. App. P. 47.1; see Nat=l Sports & Spirit, Inc.
v. Univ. of N. Tex., 117 S.W.3d 76, 84 (Tex. App.CFort
Worth 2003, no pet.).