COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EL PASO INDEPENDENT SCHOOL DISTRICT, | § | No. 08-07-00163-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 7 |
| | § | |
| | | of El Paso County, Texas |
| ANTONIA APODACA, INDIVIDUALLY AND AS NEXT FRIEND OF ZULEMA VASQUEZ ELIZALDE, | § | (TC# 2006-708) |
| | § | |
| Appellee. | | |

**O P I N I O N**

This interlocutory appeal arises from the denial of El Paso Independent School District's

plea to the jurisdiction.  In a single issue presented for review, the school district contends

Ms. Apodaca's claims do not fall within the limited waiver of governmental immunity provided

in the Texas Tort Claims Act, and therefore, the trial court lacks subject-matter jurisdiction over

the case.  We affirm.

Antonia Apodaca filed this suit against El Paso Independent School District ("EPISD")

on February 10, 2006.  According to the petition, on February 11, 2004, Zulema Vasquez

Elizalde suffered serious injuries when her wheelchair fell from a school-bus loading ramp.[1]

___

[1] The ramp is part of a mechanical devise operated by district employees, to assist handicapped children in unloading from the bus.  The ramp folds outward from the rear of the school bus.  Used properly, a mechanical lift raises the ramp from the ground until it is parallel to the school bus floor.  District employees then assist the students in moving their chairs out onto the raised ramp.  Once the chair is locked in place on the ramp, the mechanism slowly lowers the student and wheelchair to the ground.

When bus number 267 arrived at Irving High School, district employees moved Ms. Elizalde, in her wheelchair, to the bus's mechanical loading ramp. Ms. Apodaca alleged that the school district employees who assisted Ms. Elizalde that morning, negligently moved Ms. Elizalde's wheel chair out of the bus and onto the ramp before it was parallel with the bus floor. Consequently, the chair and the student fell forward and crashed into the ramp's platform. Ms. Elizalde suffered injuries to her face, teeth, jaw, knee, and ankle as a result of the fall.

EPISD filed a plea to the jurisdiction on January 3, 2007, arguing that because the school bus was parked at the time of the accident, the bus was not being used or operated within the meaning of the Texas Tort Claims Act, and therefore, Ms. Apodaca had failed to establish a waiver of sovereign immunity. In her response to the plea, Ms. Apodaca argued that the use of the ramp constituted use or operation of the vehicle because the ramp was permanently affixed to the bus and inherent to the bus's operation. The trial court denied the school district's plea on June 20, 2007.

A plea to the jurisdiction is a challenge to the trial court's jurisdiction over the subject matter of the suit. *See University of Texas at El Paso v. Moreno*, 172 S.W.3d 281, 284 (Tex.App.--El Paso 2005, no pet.), *citing Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). In the absence of a valid waiver of sovereign immunity, a trial court lacks subject-matter jurisdiction and the suit must be dismissed. *Moreno*, 172 S.W.3d at 284. Because subject-matter jurisdiction is a question of law, a trial court's ruling on a plea to the jurisdiction is reviewed *de novo*. *See Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex.App.--El Paso 2000, pet. dism'd w.o.j.).

-2-

The plaintiff has the burden to allege fact which establish the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To determine whether the plaintiff has meet this burden, the reviewing court looks to the allegations in the pleadings. *Id*. at 446. We construe the pleading's in the plaintiff's favor, and accept all the allegations contained therein as true. *See Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When the plea or response includes evidence relevant to the jurisdictional issue raised, we must also consider that evidence as necessary to resolve the dispute. *See Miranda*, 133 S.W.3d at 226-27.

Governmental immunity defeats a court's jurisdiction. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). The Texas Tort Claims Act (TTCA) provides a limited waiver of immunity however, allowing tort claims to be brought against governmental units in certain limited circumstances. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). As a governmental unit, EPISD is therefore immune from suit absent an applicable waiver in the TTCA. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.021 (Vernon 2005); *LeLeaux v. Hamshire-Fannett Indep. School Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). Section 101.051 of the TTCA limits a school district's potential liability to claims involving the use or operation of motor vehicles. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.051 ("Except as to motor vehicles, this chapter does not apply to a school district . . . ."); TEX.CIV.PRAC.&REM. CODE ANN. § 101.021(1)(A)(a governmental unit is liable for "property damage, personal injury, or death [arising] from the operation or use of a motor-driven vehicle or motor-driven equipment . . .").

The terms "use" and "operation" are not defined by the TTCA. However, the Texas

-3-

Supreme Court has defined "use" as "to put or bring into action or service; to employ for or apply to a given purpose" and "operation" as "a doing or performing of a practical work." *LeLeaux*, 835 S.W.2d at 51. In addition, the requirement that the claim "arises from" has been interpreted to require a nexus between the alleged use or operation and the plaintiff's injuries. *Id*. The fact that the vehicle was involved in the accident, or simply furnished the condition which made the injury possible is not sufficient. *See Whitley*, 104 S.W.3d at 543. Moreover, if the district employee's action involved only supervision or control, rather than direct involvement in the accident, immunity has not been waived. *Id*.

The issue before us in this case is limited to whether the bus was being used or operated at the time of Ms. Elizalde's injury. When faced with such a question in this type of school bus injury case, we must determine whether: (1) the bus was merely the location or condition within which the injury occurred due to a lack of supervision or control; or (2) the injury happened as the result of an affirmative action by a district employee arising from the operation of a part of the vehicle. *See Austin Indep. Sch. Dist. v. Gutierrez*, 54 S.W.3d 860, 863 (Tex.App.--Austin 2001, pet. denied).

EPISD argues that because the bus was parked, and therefore stationary at the time of the accident, the bus merely furnished the setting for the injury to occur and therefore falls into the first category of cases.[2] EPISD contends that Ms. Apodaca's admission that the bus was

---

[2] The cases EPISD relies on are distinguishable because they fall within the first category the alleged negligence only involved a failure to supervise or control, or the alleged injuries had no nexus with any use or operation of the vehicle because the vehicle merely served as the location for the injury to occur. *See LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49 (Tex. 1992)(student's claim did not fall within TTCA's waiver because allegation did not involve use or operation of the vehicle; the bus was merely the location of the injury when the student hit her head jumping through bus emergency door of her own accord); *Starkey v.*

-4-

stationary at the time of the accident prevents her claim from falling within the TTCA's waiver because the bus was not in use. The fact that the bus was not moving however, does not necessarily control. For example, in the *Gutierrez* case, as cited above, the alleged negligence occurred when the bus driver honked the bus's horn to signal a student who had just exited the bus to cross the street. *Gutierrez*, 54 S.W.3d at 861. The Court determined that a fact question existed as the school district was unable to establish as a matter of law that the driver's use of the horn did not constitute use or operation of the bus. *Id*. at 866. The Court relied on the bus's stationary presence and the bus driver's affirmative act of honking the bus's horn for its decision. *Id*.

Likewise, in *Lipan Indep. Sch. Dist. v. Bigler*, the Fort Worth Court of Appeals determined that the operation of an auger by a district teacher constituted "use" of the tractor to which the auger was attached. *Bigler*, 187 S.W.3d 747, 752 (Tex.App.--Fort Worth 2006, pet. denied). The tractor was being used in a class fence-building project to dig post holes. *Id*. at 749. The fact that the tractor was a stationary source of power for the cause of the incident did not affect the Court's determination that the use of the auger constituted "use" or "operation" of the tractor itself. *See id*. at 753. EPISD distinguishes *Lipan* from the case before us on the basis that there is no evidence that the lift in the case before us was powered by the bus, as the auger

---

*Andrews Ctr.*, 104 S.W.3d 626 (Tex.App.--Tyler 2003, no pet.)(allegation that claimant was injured while being loaded onto bus did not state a claim involving use or operation of the vehicle, claimant did not allege any affirmative action involving the vehicle; the bus was merely the setting for the injury); *Martinez v. VIA Metropolitan Trasit Auth.*, 38 S.W.3d 173 (Tex.App.-- San Antonio 2000, no pet.)(claim that bus driver was negligent in refusing to abandon route and take unconscious man to treatment center was not a claim involving use or operation of the vehicle, but merely alleged a failure to transport, and did not demonstrate a nexus to the use or operation of the vehicle).

was powered by the tractor in *Bigler*. While the fact that the vehicle did, or did not, act as the power source for the particular part involved in an incident may impact another case; we do not agree that the absence of evidence establishing that the bus was the sole source of power for the lift defeats the trial court's subject-matter jurisdiction in this case.

Much like the horn in *Gutierrez*, or the auger in *Bigler*, in this case, we are presented with allegations of negligence involving district employees engaged in an affirmative action, utilizing a part of the vehicle. At the time Ms. Elizalde fell, the bus's mechanical lift and ramp were being put to practical use; lowering a wheelchair bound student to the ground so she could exit the bus. Therefore, in accordance with *Gutierrez* and *Bigler*, Ms. Apodaca has alleged a claim within the TTCA's waiver. Issue One is overruled.

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

February 12, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Ables, Judge
Ables, Judge (Sitting by Assignment)