SANDERS V. GRAPEVINE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-208-CV

DON R. SANDERS AND APPELLANTS

SUSAN SANDERS

V.

CITY OF GRAPEVINE, TEXAS, APPELLEES

WILLIAM D. TATE, C. SHANE

WILBANKS, SHARRON SPENCER, 

CLYDENE JOHNSON, DARLENE FREED, 

TED WARE, ROY STEWART, AND

ROGER NELSON

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

This is an appeal from the trial court’s order dismissing with prejudice all claims of appellants, Don R. and Susan Sanders, against appellees the City of Grapevine, Texas (the City), and William D. Tate, C. Shane Wilbanks, Sharron Spencer, Clydene Johnson, Darlene Freed, Ted Ware, Roy Stewart, and Roger Nelson (the individual appellees), in appellants’ suit concerning the City’s alleged failure to enforce its tree preservation ordinance.  In two points, appellants contend that the trial court abused its discretion by granting the City’s plea to the jurisdiction and by granting the individual appellees’ motion to dismiss.  We affirm in part, reverse and remand in part, and dismiss in part.

Facts

Appellants bought a home constructed by Weekley Homes, L.P. d/b/a David Weekley Homes, one of the defendants below, in the Silverlake Estates Subdivision in Grapevine, Texas.  One of the primary reasons appellants selected the Silverlake Estates was due to its “wooded” and “country atmosphere.”

After moving into their new home, appellants sued Weekley Homes, a related development company, the City, and the individual appellees, who are the mayor, city manager, and city council members of the City.  In their original petition, appellants alleged that a sales consultant for Weekley Homes had assured them that Weekley Homes intended for the subdivision to have a wooded, country atmosphere, that Weekley Homes “would take ordinary care” to preserve existing trees, that the City of Grapevine had “an extremely tough tree ordinance,” and that the amenities for the subdivision would include wooded home sites.  Appellants also alleged that after they moved into their new home, it became clear to them that Weekley Homes had no intention of complying with, and the City had no intention of enforcing, the tree ordinance, as evidenced by the destruction of numerous trees within the subdivision by Weekley Homes.  Appellants further alleged that after they attempted to resolve the problem by correspondence and attendance at City Council meetings, Weekley Homes’s employees and the City began a systematic plan of harassing them.  

Based on these alleged facts, appellants brought claims for breach of contract and DTPA violations against Weekley Homes—and for fraud, negligence, and negligent misrepresentation against all of the appellees—due to Weekley Homes’s failure to comply with, and the City’s failure to enforce, the City’s tree ordinance.  They also sought a declaratory judgment as to “the rights, status and other legal relations” among appellants and appellees with regard to the sales contract with Weekley Homes and the City’s tree preservation ordinance.  Appellants also sought punitive damages as well as attorney’s fees.

Weekley Homes filed a motion to compel arbitration of appellants’ claims against it, which the trial court granted.  The City then filed a plea to the jurisdiction, contending that appellants’ claims against it should be dismissed with prejudice because the City is entitled to governmental immunity
(footnote: 1) from appellants’ suit.  In the same document, the individual appellees filed a motion to dismiss the claims against them with prejudice under section 101.106(e) of the civil practice and remedies code, the election of remedies section of the Texas Tort Claims Act (TTCA).  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.106(e) (Vernon 2005).

Appellants subsequently filed a first amended petition.  The first amended petition contained the same factual allegations as appellants’ original petition, with the addition of a paragraph regarding appellants’ discovery of the development company’s involvement.  It also contained a section alleging that the City was liable to appellants under section 101.0215 of the civil practice and remedies code for damages arising from its governmental function of enforcing the tree ordinance.  
Id
. § 101.0215.

The trial court subsequently granted the City’s plea to the jurisdiction and the individual appellees’ motion to dismiss, dismissing all claims against them with prejudice.  Appellants timely filed this appeal pursuant to section 51.014(a)(8) of the civil practice and remedies code, which allows an interlocutory appeal from a trial court’s order granting a governmental unit’s plea to the jurisdiction.  
Id
. § 51.014(a)(8) (Vernon Supp. 2006); 
Tex. R. App. P.
 26.1(b), 28.1.
(footnote: 2)
Dismissal of Appeal as to Individual Appellees

In their second point, appellants contend that the trial court abused its discretion by granting the individual appellees’ motion to dismiss under section 101.106(e) of the civil practice and remedies code.  Generally, a Texas appellate court has jurisdiction to hear an appeal only if it is from a final judgment.  
Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction.  
Stary v. DeBord
, 967 S.W.2d 352, 352-53 (Tex. 1998); 
N.Y. Underwriters Ins. Co. v. Sanchez
, 799 S.W.2d 677, 679 (Tex. 1990).   Although the trial court’s denial of the City’s plea to the jurisdiction is an appealable, interlocutory order under section 51.014(a)(8) of the civil practice and remedies code, the trial court’s granting of the individual appellees’ motion to dismiss under section 101.106(e) is not.
(footnote: 3)  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(a)(8).

When a party appeals from two interlocutory orders, only one of which is made appealable by statute, the proper course is to dismiss the part that is nonappealable and to rule on the part from which an appeal may be taken.  
Kaplan v. Tiffany Dev. Corp
., 69 S.W.3d 212, 217 (Tex. App.—Corpus Christi 2005, no pet.); 
Eichelberger v. Hayton
, 814 S.W.2d 179, 182 (Tex. App.—Houston [1st Dist.] 1991, writ denied).  Accordingly, we dismiss appellants’ second point complaining about the trial court’s granting of the individual appellees’ motion to dismiss for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).

Whether City’s Governmental Immunity Waived Under Civil Practice and Remedies Code Section 101.0215

In their first point, appellants assert that the trial court abused its discretion by granting the City’s plea to the jurisdiction because the City’s immunity from suit and liability is waived under section 101.0215(28) and (29) of the TTCA.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.0215(28), (29).  They contend that the statute’s language clearly waives immunity and makes a city liable for the damages arising from the city’s exercise of its now statutorily defined governmental functions.  That provision states, in part, that “[a] municipality is liable under this chapter for damages arising from its governmental functions, . . . exercised by the municipality in the interest of the general public, including, but not limited to: . . . building codes and inspection; [and] . . . zoning, planning, and plat approval.”  
Id.  
Appellants claim that these two subsections of section 101.0215 form the basis for their causes of action as well as their support for waiver of immunity. 

In response, the City contends that a municipality is never liable for intentional torts, such as the fraud alleged by appellants, or exemplary damages, citing sections 101.057(2) and 101.024 of the civil practices and remedies code.  
Id. 
§§ 101.057(2), 101.024.  Further, as to the negligence causes of action, the City contends that appellants failed to assert a claim within a city’s limited waiver of immunity established by section 101.021 of the TTCA.   
Id.
 §101.021.

Standard of Review

Governmental immunity defeats a trial court’s subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction.  
See Tex. Dep’t of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 225-26 (Tex. 2004); 
Tex. Dep’t of Transp. v. Andrews
, 155 S.W.3d 351, 355-56 (Tex. App.—Fort Worth 2004, pet. denied).  The trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed.  
Miranda, 
133 S.W.3d at 226.

We review the trial court’s ruling on a plea to the jurisdiction based on immunity from suit under a de novo
 
standard of review.  
Id.
 at 225-26, 228; 
Tex. Natural Res. Conservation Comm'n v. IT-Davy
, 74 S.W.3d 849, 855 (Tex. 2002); 
Andrews
, 155 S.W.3d at 355-56.  Whether a pleader has alleged facts that affirmatively demonstrate a trial court’s subject matter jurisdiction, or whether undisputed evidence of jurisdictional facts establishes a trial court’s jurisdiction, is a question of law.  
Miranda
, 133 S.W.3d at 226.  Here, the nature of appellants’ claims are not disputed; rather, it is the legal effect of those claims that is disputed.  Thus, we determine as a matter of law whether the alleged facts establish jurisdiction.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court’s jurisdiction to hear the cause.  
Id.
; 
Tex. Ass'n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993).  We construe the pleadings liberally in favor of the plaintiff and look to the pleader’s intent.  
Miranda
, 133 S.W.3d at 226; 
Tex. Ass'n of Bus.
, 852 S.W.2d at 446.  If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court’s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiffs should be afforded the opportunity to amend.  
Miranda
, 133 S.W.3d at 227-28.   However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend.  
Id
. at 228.

Applicable Law

Section 101.0215 of the TTCA provides a nonexclusive list of governmental functions for which a municipality may be held liable under the Act.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.0215; 
City of Kemah v. Vela
, 149 S.W.3d 199, 203 n.1 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)
.  It does not provide an independent basis for a waiver of governmental immunity.  
City of Kemah
, 149 S.W.3d at 203 n.1; 
see McKinney v. City of Gainesville
, 814 S.W.2d 862, 865 (Tex. App.—Fort Worth 1991, no writ)
.  Therefore, 
for a city to be subject to suit and liability
(footnote: 4) for conduct falling within the list of governmental functions in section 101.0215, the conduct must also fall within one of the three general areas for which immunity from liability and suit is waived under the Act. 
 City of Kemah
, 149 S.W.3d at 203 n.1;
 Williams v. City of Midland
, 932 S.W.2d 679, 683 & n.1 (Tex. App.—El Paso 1996, no writ)
;
 
McKinney
, 814 S.W.2d at 865; 
see Martinez v. City of San Antonio
, No. 04-05-00775-CV, 2006 WL 3497250, at *3 (Tex. App.—San Antonio Dec. 6, 2006, no pet.); 
City of Mesquite v. PKG Contracting, Inc.
, 148 S.W.3d 209, 212-13 (Tex. App.—Dallas 2004), 
rev’d on other grounds
, 197 S.W.3d 388 (Tex. 2006)
; City of Houston v. Boyle
, 148 S.W.3d 171, 180 (Tex. App.—Houston [1st Dist.] 2004, no pet.).
  Thus, we must first determine whether the alleged conduct falls within a governmental function category under section 101.0215; if it does, we must then look to see whether the conduct falls within one of the other provisions of chapter 101 that waives immunity.  
Pakdimounivong v. City of Arlington
, No. 02-05-00414-CV, 2006 WL 3438218, at *4 (Tex. App.—Fort Worth Nov. 30, 2006, no pet. h.)
; 
McKinney, 
814 S.W.2d 
at 865
;
 
see
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.021(1)–(2), § 101.022 (Vernon Supp. 2006); 
Miranda, 
133 S.W.3d at 225
.

Here, appellants claim that the City’s act of failing to enforce the tree ordinance was a governmental function, and the City does not dispute that contention.  Thus, we must determine whether appellants alleged conduct by the City that would fall within the areas of conduct for which governmental immunity is waived under the TTCA.

The TTCA waives governmental immunity for property damage, personal injury, and death caused by the use of publicly owned automobiles and premises defects, and personal injury and death caused by the condition or use of tangible personal or real property, to the extent a private person would be liable for such condition or use of personal or real property.  
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 101.021(1)–(2), 101.022
; 
Miranda
, 133 S.W.3d at 225; 
County of Cameron v. Brown
, 80 S.W.3d 549, 554 (Tex. 2002).  The Act does not waive immunity from suit and liability for intentional torts.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.057(2); 
Tex. Dep't of Pub. Safety v. Petta
, 44 S.W.3d 575, 580 (Tex. 2001); 
Meroney
, 200 S.W.3d at 710.

Appellants’ negligence allegations against the City, construed liberally in their favor, do not allege conduct falling within any of these areas.  
See Brown
, 80 S.W.3d at 554 (discussing governmental entity’s duty in premises defect case not to injure by willful, wanton, or grossly negligent conduct and to use ordinary care either to warn of condition presenting unreasonable risk of harm of which entity is actually aware and plaintiff is not or to make condition reasonably safe); 
City of Denton v. Page
, 701 S.W.2d 831, 834 (Tex. 1986) (holding that property owner has duty to keep real property in reasonably safe condition for invitees or to warn of any hazard).  Moreover, the trial court has no jurisdiction over appellants’ fraud claim because fraud is an intentional tort.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.057(2);
 
Gen. Elec. Co. v. City of Abilene
, 795 S.W.2d 311, 313 (Tex. App.—Eastland 1990, no writ).  Accordingly, appellants’ pleadings—which they amended 
after
 the City filed its plea to the jurisdiction—affirmatively negate the trial court’s jurisdiction over their TTCA claims.
(footnote: 5)
 We are left with appellants’ claim for declaratory relief, which neither parties specifically addressed in their briefing.  The Declaratory Judgment Act does not extend a trial court’s jurisdiction, and a litigant’s request for declaratory relief does not confer jurisdiction on a court or change a suit’s underlying nature.  
IT-Davy
, 74 S.W.3d at 855.  Consequently, private parties cannot circumvent governmental immunity by characterizing a suit for money damages as a declaratory judgment claim or by seeking to establish a contract’s validity, to enforce performance under a contract, or to impose contractual liabilities against the governmental entity.  
See id
. at 855-56.  However, a party does not need legislative permission to sue a governmental entity to determine its rights under a statute or ordinance.  
Id
. at 859-60; 
Fed. Sign v. Tex. So.  Univ
., 951 S.W.2d 401, 404 (Tex. 1997); 
City of Anson v. Harper
, No. 11-05-00398-CV, 2006 WL 1914611, at *8 (Tex. App.—Eastland July 13, 2006, no pet.); 
see
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.004(a) (Vernon 1997).  If a party is challenging the validity of a municipal ordinance, the municipality 
must
 be joined in the suit.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 37.006(b); 
IT-Davy
, 74 S.W.3d at 860; 
Tex. Educ. Agency v. Leeper
, 893 S.W.2d 432, 446 (Tex. 1994).

Here, appellants’ first amended petition includes the following:  “Pursuant to the Texas Declaratory Judgment Act, [appellants] hereby [seek] a declaration of the rights, status and other legal relations between [appellants] and Defendants with regard to the Real Estate Purchase Agreement and the Tree Preservation Ordinance for the City.”  As relief, they asked for “judgment over and against Defendants for damages in excess of the minimum jurisdictional limits of this Court, enhance[d] damages, punitive damages, attorney’s fees, costs, interest and general relief.” 

Although appellants’ request for relief expressly asks only for monetary damages and does not clearly delineate the declaratory judgment relief that appellants are seeking regarding the tree ordinance, the first amended petition does assert that appellants are seeking a declaration of their rights and status under the tree ordinance.  Construing the petition liberally in appellants’ favor, we hold that their claim for declaratory relief, on its face, does not seek to impose damages or other liability on the City; therefore, on the pleadings before us and the trial court, the City does not have immunity from appellants’ cause of action under the Declaratory Judgment Act, and the trial court erred by granting the City’s plea to the jurisdiction as to that claim.  At the very least, appellants should have been afforded the opportunity to replead to clarify the specific declaratory relief sought.  
See Miranda
, 133 S.W.3d at 226-27.

Having determined that the trial court erred by granting the City’s plea to the jurisdiction as to appellants’ declaratory judgment claim but not as to their fraud and negligence claims, we overrule appellants’ first point in part and sustain it in part.

Conclusion

Having overruled appellants’ first point in part and sustained it in part, we affirm the part of the trial court’s May 25, 2006 order granting the City’s plea to the jurisdiction as to appellants’ fraud and negligence claims against the City.  However, we reverse the part of its May 25, 2006 order granting the City’s plea to the jurisdiction as to appellants’ claim under the Declaratory Judgment Act and remand to the trial court for further proceedings consistent with this opinion.  We dismiss the appeal of the part of the trial court’s May 25, 2006 order granting the individual appellees’ motion to dismiss, for want of jurisdiction.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DELIVERED: February 1, 2007

FOOTNOTES
1:
Sovereign immunity refers to the State’s immunity while governmental immunity refers to the immunity of political subdivisions of the State, including counties, cities, and school districts.  
Wichita Falls State Hosp. v. Taylor
, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

2:
The remainder of the case against the development company remains pending and is stayed during the interlocutory appeal of the grant of the City’s plea to the jurisdiction.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(b).

3:
Section 101.106(e) provides that “[i]f a suit is filed under this chapter [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.”  
Tex. Civ. Prac. & Rem. Code Ann
. § 101.106(e); 
Meroney v. City of Colleyville
, 200 S.W.3d 707, 712 (Tex. App.—Fort Worth 2006, pet. filed).

 

4:
Section 101.025 of the TTCA waives a governmental entity’s immunity from suit to the extent that its immunity from liability is waived under the Act.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.025.

5:
Additionally, the trial court would also be without jurisdiction to impose any punitive damages against the City.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.024; 
Durbin v. City of Winnsboro
, 135 S.W.3d 317, 325 (Tex. App.—Texarkana 2004, pet. denied).