

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-249-CV

CITY OF ARLINGTON, TEXAS                                         APPELLANT

V.

CHARLES BARNES, RYAN MATTHEW
ROBINSON, AND CAROLYN WARREN                                     APPELLEES

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant City of Arlington, Texas, brings this interlocutory appeal from the trial court's judgment denying its plea to the jurisdiction and motions for summary judgment. In its sole issue, appellant argues that appellees failed to establish a waiver of governmental immunity. We reverse and render.

---

[1] *See* TEX. R. APP. P. 47.4.

**Background Facts**

Officer Dace Warren of the Arlington Police Department was driving northbound on Fielder Road in an emergency situation[2] with the lights and sirens activated in his police car as he approached the intersection of Fielder Road and Randol Mill Road.[3] Appellee Charles Barnes, who was driving southbound on Fielder Road and was stopped at the red light at the intersection of Fielder Road and Randol Mill Road, saw Officer Warren's lights and heard the sirens. Appellee Ryan Matthew Robinson was driving westbound on Randol Mill Road when he came to the intersection of Randol Mill Road and Fielder Road. Robinson did not hear Officer Warren's siren or see his lights but continued through the intersection at the same speed, which was about forty miles per hour, as the light turned from green to yellow.

As Officer Warren approached the intersection, he changed his siren pitch to alert oncoming traffic, slowed down to allow a white car to go through the intersection, and checked in both directions for additional traffic. Because he did not see any more cars, Officer Warren entered the intersection with a red

---

[2] Officer Warren had received a "shots fired" call and was headed to that location when the accident occurred.

[3] Officer Warren's mother, Carolyn Warren, was riding with her son and seated in the front passenger seat.

light as Robinson also entered the intersection with a yellow light. In deposition testimony, Barnes stated that Robinson did not appear to be speeding; however he heard a loud acceleration from the pipes of Robinson's truck. As soon as Officer Warren saw Robinson, he accelerated and tried to get as much speed as he could to get through the intersection; according to Officer Warren, "there was no time for any other reaction." Robinson's truck hit the right rear of Officer Warren's car behind the passenger door, causing the police car to spin into Barnes's car. Barnes received injuries to his knee, left wrist, and neck.[4]

In the personal injury suit[5] that followed, appellant filed a plea to the jurisdiction, summary judgment, and no-evidence motions for summary judgment claiming that it had immunity from appellees' lawsuit and that Officer Warren's conduct fell within one of the exceptions to the Texas Tort Claims Act (TTCA). The trial court denied appellant's motions. Appellant filed an interlocutory appeal under section 51.014(a)(8) of the civil practice and

---

[4] The record indicates that neither Officer Warren, Carolyn Warren, nor Robinson were injured.

[5] Barnes sued appellant and Robinson for his injuries. Robinson filed a general denial with an affirmative defense, claiming that the accident resulted from Officer Warren's negligence. Subsequently, Carolyn Warren intervened and sued Robinson. Robinson filed a general denial and cross-claim against appellant for contribution and indemnity on Carolyn Warren's claims.

remedies code.[6]  TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon

Supp. 2007).

## Standard of Review

In its sole issue, appellant complains that the trial court erred by denying

its plea to the jurisdiction and traditional and no-evidence motions for summary

judgment because appellees failed to establish a waiver of immunity by

appellant.  Specifically, appellant contends that the evidence shows that Officer

Warren's actions were, at most, negligent, which is insufficient to waive

immunity.  Because a plea to the jurisdiction implicates the trial court's subject

matter jurisdiction, we will address it first.

### 1.    Plea to the Jurisdiction

A plea to the jurisdiction challenges the trial court's authority to determine

the subject matter of the action. *See Tex. Dep't of Transp. v. Jones,* 8 S.W.3d

636, 638 (Tex. 1999); *see also Tex. Dep't of Transp. v. Andrews,* 155 S.W.3d

351, 355 (Tex. App.—Fort Worth 2004, pet. denied).  We review the trial

court's ruling on a plea to the jurisdiction based on governmental immunity from

suit under a de novo standard of review.  *Tex. Dep't of Parks & Wildlife v.*

---

[6] All parties are subject to the appeal except intervenor Carolyn Warren
who did not assert a claim against appellant and disclaimed any interest in the
appeal.

*Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002); *Andrews,* 155 S.W.3d at 355. It is the plaintiff's burden to allege facts that affirmatively establish the trial court's subject matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993); *see Andrews,* 155 S.W.3d at 355. In determining whether the plaintiff has met this burden, we look to the allegations in the plaintiff's pleadings, accept them as true, and construe them in favor of the plaintiff. *Miranda,* 133 S.W.3d at 228*; see also Sanders v. City of Grapevine,* 218 S.W.3d 772, 777 (Tex. App.—Fort Worth 2007, pet. denied); *see also Univ. of N. Tex. v. Harvey,* 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied).

We must also consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Bland ISD v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000); *Andrews,* 155 S.W.3d at 355. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder. *Miranda,* 133 S.W.3d at 227-28; *Andrews,* 155 S.W.3d at 355. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdiction issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda,* 133 S.W.3d at 228; *Andrews,* 155

5

S.W.3d at 355.  This procedure generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c), and the burden is on the government to meet the summary judgment standard of proof.  *Miranda,* 133 S.W.3d at 228; *Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 408 (Tex. App.—Fort Worth 2006, pet. denied).

## 2.    Immunity and the Texas Tort Claims Act

In Texas, sovereign immunity[7] deprives a trial court of subject matter jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit.  *Miranda,* 133 S.W.3d at 225-26; *Teague v. City of Jacksboro,* 190 S.W.3d 813, 816 (Tex. App.—Fort Worth 2006, pet. denied).  The TTCA, however, provides a limited waiver of immunity, allowing suits to be brought against governmental units in certain

---

[7] Sovereign immunity refers to the State's immunity while governmental immunity refers to the immunity of political subdivisions of the State, including counties, cities, and school districts. *See Ben Bolt-Palito Blanco Consol. ISD v. Tex. Political Subdiv. Prop./Cas. Joint Self-Ins. Fund,* 212 S.W.3d 320, 323 n.2 (Tex. 2006); *Sanders,* 218 S.W.3d at 775-76 n.1.

narrowly-defined circumstances. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005); *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001); *Dallas County MHMR v. Bossley,* 968 S.W.2d 339, 341-42 (Tex. 1998); *see also Sanders,* 218 S.W.3d at 778. Under the TTCA, a governmental unit's immunity from suit is waived to the extent that the TTCA allows liability. TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a); *Denton County v. Beynon,* 242 S.W.3d 169, 173 (Tex. App.—Fort Worth 2007, pet. filed). For instance, a city waives its immunity for claims arising from the use of a motor driven vehicle by a governmental unit's employee, such as a police officer driving a patrol car. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A); *see Sanders,* 218 S.W.3d at 778*; see also Pakdimounivong,* 219 S.W.3d at 410; *Smith v. Janda,* 126 S.W.3d 543, 545 (Tex. App.—San Antonio 2003, no pet.). However, the governmental unit retains its immunity from suit if one of the exceptions to the waiver of immunity in the TTCA applies. *See Pakdimounivong,* 219 S.W.3d at 410*; see also Smith,* 126 S.W.3d at 545.

One exception to the waiver of governmental immunity contained in section 101.055(2) provides that the TTCA "does not apply to a claim arising . . . from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action." TEX. CIV. PRAC. & REM. CODE

ANN. § 101.055(2) (Vernon 2005); *Lipan ISD v. Bigler,* 187 S.W.3d 747, 750 (Tex. App.—Fort Worth 2006, pet. denied); *Smith,* 126 S.W.3d at 545.  The laws regarding the operation of an emergency vehicle are located in the Texas Transportation Code.  *See* TEX. TRANSP. CODE ANN. §§ 546.001-.006 (Vernon 1999 and Supp. 2007).  Section 546.001 allows the operation of an emergency vehicle to proceed past a red light after slowing as necessary for safe operation when the operator is responding to an emergency call.[8]  *Id.* at § 546.001(2).  Section 546.005 provides that, although the driver of an emergency vehicle must drive "with appropriate regard for the safety of all persons," he is not relieved of "the consequences of reckless disregard for the safety of others."  *Id.* at § 546.005; *see Smith,* 126 S.W.3d at 545; *see also Hale v. Pena,* 991 S.W.2d 942, 948 (Tex. App.—Fort Worth 1999, no pet.). Interpreting the uncodified predecessor of section 546.005, the Texas Supreme Court held that this provision "imposes a *duty* to drive with due regard for others by avoiding negligent behavior, but it only imposes *liability* for reckless conduct."  *City of Amarillo v. Martin,* 971 S.W.2d 426, 431 (Tex. 1998).  Thus, a governmental entity is liable for damages resulting from the emergency

---

[8] The city policy that applies in this case obligates officers to follow all traffic rules and regulations, including Texas Transportation Code sections 546.002 and 546.005.  Arlington Police Dep't General Order 402.02.

operation of an emergency vehicle only if the operator acted recklessly; that is, only if the operator "committed an act that the operator knew or should have known posed a high degree of risk of serious injury" but did not care about the result. *Id.* at 430. Because under the TTCA, a governmental entity's immunity from suit is waived only to the extent the TTCA authorizes liability, a governmental entity is immune from suits resulting from the emergency operation of an emergency vehicle unless the operator acted recklessly. TEX. CIV. PRAC. & REM. CODE ANN. § 101.025; *Smith,* 126 S.W.3d at 545.

**Analysis**

In its plea to the jurisdiction, appellant alleged that Officer Warren was not reckless as a matter of law, and therefore appellant retained its governmental immunity. Appellees, however, contend that the evidence raises a fact issue as to whether Officer Warren acted with reckless disregard for the safety of others when he entered into the intersection. *See* TEX. TRANSP. CODE ANN. § 546.005(2). We must thus address whether any evidence shows that Officer Warren's actions were taken with reckless disregard for the safety of others. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2); *see also Pakdimounivong,* 219 S.W.3d at 410.

1. **Arlington Police Department Accident Review Board's Findings are not Evidence of Recklessness**

9

Appellees contend that a written reprimand of Officer Warren by the Arlington Police Department Accident Review Board (Review Board) creates a fact issue regarding whether Officer Warren's actions were reckless.

After conducting an investigation into whether Officer Warren's actions were in compliance with city ordinances and state law, the Review Board determined that Officer Warren "failed to exercise due care in entering an intersection during emergency response to an emergency call." It issued a written reprimand that reads as follows:

> **CHARGE** Conduct constituting violation of City of Arlington Personnel Policies Section 201.02.B **Violation of Rules,** specifically Section 109.04. **Operation of Vehicles,** which states in part: ". . . 4. An employee shall operate any vehicle used for city business in a careful and prudent manner and shall obey the . . . policies . . . of the city . . ." To wit: Arlington Police Department General Order 402.02, which states in part:
>
> A. **Obedience to Laws and Regulations.** Employees of this department must observe and adhere to all traffic laws and regulations except when permitted to do otherwise by this directive.
>
> B. **Statutory Authority to Disobey Regulations.** Texas Transportation Code Sec. 546.002 permits disregard of certain traffic regulations when an authorized emergency vehicle is in response to an emergency call or in pursuit. Sec. 546.005 specifically provides that these authorizations "do not relieve the operator . . . from the duty to operate the vehicle with appropriate regard for the safety of all persons or the consequences of reckless disregard for the safety of others."

The reprimand then concluded that Officer Warren "entered the intersection when it was unsafe to do so" and ordered him to "refrain from further misconduct of this nature."

Although Officer Warren was charged with failure to comply with section 546.005 of the transportation code, the Review Board did not make any findings that he was reckless. Its sole conclusion was that he "failed to exercise due care in entering an intersection during emergency response to an emergency call" in compliance with Arlington Police Department's internal policies. Appellant's internal disciplinary documents are thus evidence only that Officer Warren acted negligently in entering the intersection; they are not evidence that he committed an act that he knew or should have known posed a high degree of risk or serious injury. *See City of Amarillo,* 971 S.W.2d at 430. The written reprimand is not evidence raising a fact issue as to whether he acted with reckless disregard for the safety of others because the Review Board determined only that he was negligent; nothing in the written reprimand changes or adds to the Review Board's findings that he failed to exercise due care only. *See id.* at 429.

Thus, even when viewed together, this evidence does not raise a fact issue as to whether Officer Warren was reckless as a matter of law; there is still only evidence of his negligence, which does not waive immunity.

11

Accordingly, we hold that the Review Board's findings and reprimand do not create a fact issue as to whether Officer Warren's actions were taken with reckless disregard for the safety of Robinson or Barnes. TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2); *see also City of Amarillo,* 971 S.W.2d at 430.

## 2. Other Evidence

We must next determine if any other evidence raises a fact issue as to whether Officer Warren's actions were taken with reckless disregard for the safety of others. TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2).

The evidence shows that Officer Warren was driving his police car in an emergency situation with the lights and sirens activated when he entered the intersection. At the intersection, Officer Warren slowed down and looked around. Then, seeing that traffic had stopped or yielded to him, he proceeded into the intersection without coming to a complete stop. Officer Warren did not see Robinson's truck until after he had entered the intersection; he then accelerated to try to clear the intersection and to avoid a collision with Robinson.[9] Robinson, however, hit the rear passenger side of the police car driven by Officer Warren, and the police car hit Barnes's car.

---

[9] Appellees urge that Officer Warren's full acceleration was evidence of recklessness; however, Officer Warren testified that he accelerated to get as much speed as possible to clear the intersection.

12

Appellees did not present any evidence or plead any other facts, which when taken as true, raise a fact issue as to whether Officer Warren knew or should have known that entering the intersection posed a high degree of risk of serious injury, yet proceeded without caring about this high degree of risk. Therefore, we hold that appellant met its burden to establish as a matter of law that Officer Warren was not reckless and that appellant's immunity was not waived. We sustain appellant's sole issue.[10]

**Conclusion**

Having sustained appellant's sole issue, we reverse the trial court's judgment denying appellant's plea to the jurisdiction and render judgment dismissing appellees' claims against appellant for lack of subject matter jurisdiction.

TERRIE LIVINGSTON
JUSTICE

PANEL A:   CAYCE, C.J.; LIVINGSTON, and MCCOY, JJ.

DELIVERED: March 27, 2008

---

[10] Because we hold that the trial court did not have subject matter jurisdiction, we need not address appellant's challenges to the denial of its motions for summary judgment. TEX. R. APP. P. 47.1; *see Nat'l Sports & Spirit, Inc. v. Univ. of N. Tex.*, 117 S.W.3d 76, 84 (Tex. App.—Fort Worth 2003, no pet.).