02-11-435-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00435-CV

 


 
 
 Charlie Hill
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 HSBC Bank USA, N.A. and OCWEN Loan Servicing, LLC
 
 
  
 
 
 APPELLEES
 
 


 

----------

 

FROM THE 342nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Charlie Hill attempts to appeal from a “Final Summary Judgment” that the trial
court signed on July 14, 2011.  In the “Final Summary Judgment,” the trial
court decreed that appellant take nothing with respect to his claims against
two parties.  The “Final Summary Judgment” does not expressly state that it
resolves all claims brought by appellant or that it is appealable.  We sent a
letter to appellant to express our concern that we lack jurisdiction over his
appeal because the “Final Summary Judgment” does not appear to dispose of all
parties.[2]  See Tex. R. App.
P. 42.3.  We informed appellant that unless he filed with the court, by
December 27, 2011, a response showing grounds for continuing the appeal, we
would dismiss it for want of jurisdiction.  Appellant has not responded to our
letter.  Because we conclude that appellant’s appeal does not arise from a
final judgment or an appealable interlocutory order,[3]
we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P.
42.3(a), (c), 43.2(f); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195,
200, 204 (Tex. 2001) (stating that generally an appeal may be taken only from a
final judgment and that a judgment is final and appealable if it actually
disposes of all parties and all claims or contains language indicating that it
disposes of all parties and all claims); Sanders v. City of Grapevine,
218 S.W.3d 772, 776 (Tex. App.—Fort Worth 2007, pet. denied) (“Generally, a
Texas appellate court has jurisdiction to hear an appeal only if it is from a
final judgment.”).

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DELIVERED:  February 23,
2012









[1]See Tex. R. App. P. 47.4.





[2]Appellant’s amended
petition, which he filed in the trial court on February 28, 2011, appears to
designate “Baxter Schwartz & Shapiro” as a defendant, and we have not
received any document that resolves the claims against that party.





[3]A party may not appeal an
interlocutory order unless authorized by statute.  Bally Total Fitness Corp.
v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001).