

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00435-CV

CHARLIE HILL             APPELLANT

V.

HSBC BANK USA, N.A. AND         APPELLEES
OCWEN LOAN SERVICING, LLC

----------

### FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charlie Hill attempts to appeal from a "Final Summary Judgment" that the trial court signed on July 14, 2011. In the "Final Summary Judgment," the trial court decreed that appellant take nothing with respect to his claims against two parties. The "Final Summary Judgment" does not expressly state that it resolves all claims brought by appellant or that it is appealable. We sent a letter to appellant to express our concern that we lack jurisdiction over his

---

[1]See Tex. R. App. P. 47.4.

appeal because the "Final Summary Judgment" does not appear to dispose of all parties.[2] *See* Tex. R. App. P. 42.3. We informed appellant that unless he filed with the court, by December 27, 2011, a response showing grounds for continuing the appeal, we would dismiss it for want of jurisdiction. Appellant has not responded to our letter. Because we conclude that appellant's appeal does not arise from a final judgment or an appealable interlocutory order,[3] we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), (c), 43.2(f); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200, 204 (Tex. 2001) (stating that generally an appeal may be taken only from a final judgment and that a judgment is final and appealable if it actually disposes of all parties and all claims or contains language indicating that it disposes of all parties and all claims); *Sanders v. City of Grapevine*, 218 S.W.3d 772, 776 (Tex. App.—Fort Worth 2007, pet. denied) ("Generally, a Texas appellate court has jurisdiction to hear an appeal only if it is from a final judgment.").

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: February 23, 2012

---

[2]Appellant's amended petition, which he filed in the trial court on February 28, 2011, appears to designate "Baxter Schwartz & Shapiro" as a defendant, and we have not received any document that resolves the claims against that party.

[3]A party may not appeal an interlocutory order unless authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001).

2