ACCEPTED
03-17-00696-CV
21621145
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/4/2018 5:29 PM
JEFFREY D. KYLE
CLERK

## No. 03-17-00696-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/4/2018 5:29:20 PM
JEFFREY D. KYLE
Clerk

CITY OF NEW BRAUNFELS, TEXAS, and Y.C. PARTNERS, LTD.
d/b/a YANTIS COMPANY,

Appellants,

vs.

CAROWEST LAND, LTD.,

Appellee.

On Appeal from the 22nd Judicial District of Comal County, Texas
Cause No. C2017-0474A, Hon. Margaret G. Mirabal, Sitting by Appointment

### CAROWEST LAND, LTD'S MOTION TO DISMISS APPEAL OF APPELLANT YC PARTNERS, LTD. D/B/A YANTIS COMPANY

Jason Davis
State Bar No. 00793592
Caroline Newman Small
State Bar No. 24056037
DAVIS & SANTOS, P.C.
719 S. Flores St.
San Antonio, Texas 78204
(210) 853-5882
(210) 200-8395 (Facsimile)
jdavis@dslawpc.com
csmall@dslawpc.com

Thomas R. Phillips
State Bar No. 00000022
Maddy R. Dwertman
State Bar No. 24092371
BAKER BOTTS L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
(512) 322-2500
(512) 322-2501 (Facsimile)
tom.phillips@bakerbotts.com
maddy.dwertman@bakerbotts.com

ATTORNEYS FOR APPELLEE CAROWEST LAND, LTD.

1

Appellee Carowest Land, Ltd. ("Carowest") hereby moves to dismiss the appeal of Appellant YC Partners, Ltd. d/b/a Yantis Company ("Yantis") for want of jurisdiction. In support of this motion, Carowest would show the following:

**I.   Yantis has no right to an interlocutory appeal of the order denying its plea to the jurisdiction because it is not a governmental unit.**

The Texas Civil Practice and Remedies Code permits interlocutory appeals only in certain specified circumstances, including the appeal of an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001."[1]   TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

---

[1]   Section 101.001 defines "governmental unit" as:

> (A)   this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;
>
> (B)  a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;
>
> (C)  an emergency service organization;  and
>
> (D)  any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

TEX. CIV. PRAC. & REM. CODE § 101.001(3).

Because the statute authorizing interlocutory appeals is a narrow exception to the general rule that only final judgments and orders are appealable, Texas courts will "strictly construe" this provision "as 'a narrow exception to the general rule that only final judgments are appealable.'" *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007) (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)).  Pursuant to its plain terms, the statute authorizes only the appeal of an order that grants or denies a plea to the jurisdiction *by a governmental unit*.  Because Yantis is indisputably not a governmental unit, either within the meaning of Section 101.001 or as commonly understood—and does not purport to be one—its attempt to appeal the district court's denial of its own plea to the jurisdiction is improper.  Yantis's appeal should therefore be dismissed for want of jurisdiction.

Yantis suggests that its joinder in this interlocutory appeal is proper "because Yantis is a party whose interests are aligned with co-defendant, the City of New Braunfels."  Yantis Br. at 1 (citing TEX. R. APP. P. 25.1(c)).  Although Texas Rule of Civil Procedure 25.1(c) permits "[p]arties whose interests are aligned" to "file a joint notice of appeal," it does not follow that any party can pursue an interlocutory appeal, either by itself or as a tag-along, absent statutory authorization to do so. Chapter 51 of the Texas Civil Practice and Remedies Code authorizes the interlocutory appeal of a denial of a governmental unit's plea to the

jurisdiction, not the denial of any "plea to the jurisdiction based on governmental immunity," as Yantis asserts. Yantis Br. at 1. Yantis cites no authority showing that its appeal should be permitted, and Carowest has found none. But even if Yantis's reading of Rule 25.1(c) were correct, "when a rule of procedure conflicts with a statute, the statute prevails." *Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 61 Tex. S. Ct. J. 174, 180 (Tex. Dec. 15, 2017) (quoting *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000)).

**II. Texas courts have held that Section 51.014(a)(8) does not authorize the interlocutory appeal of an order granting or denying a plea to the jurisdiction by a non-governmental co-defendant of a governmental unit.**

Texas courts have consistently declined to extend the statutory right of interlocutory appeal to orders granting or denying a plea to the jurisdiction by a co-defendant of a governmental unit that is not itself a governmental unit.[2] *See, e.g.*, *City of Donna v. Ramirez*, No. 13-16-00619-CV, 2017 WL 5184533, at *7 (Tex. App.—Corpus Christi Nov. 9, 2017, no pet. h.) (holding that Section 51.014(a)(8) does not authorize government employees sued in their individual capacities to bring interlocutory appeal); *AECOM USA, Inc. v. Mata*, No. 04-15-00773-CV, 2016 WL 5112222, at *2–4 (Tex. App.—San Antonio Sept. 21, 2016, pet. filed) (mem. op.) (holding that independent contractor of TxDOT was not a

---

[2] Although courts have held that a state official sued in his official capacity may seek interlocutory appellate review from the denial of a jurisdictional plea, such holding has no application to a private entity like Yantis.

4

governmental unit entitled to bring an interlocutory appeal under Section 51.014(a)(8)); *cf. Adams v. Harris Cnty.*, No. 04-15-00287-CV, 2015 WL 8392426, at *4 (Tex. App.—San Antonio Dec. 9, 2015, pet. denied) (mem. op.) (dismissing interlocutory appeal from order granting plea to the jurisdiction filed by government official sued in his individual capacity); *Doty v. Beaumont Indep. Sch. Dist.*, No. 09-10-00306-CV, 2010 WL 4514139, at *1 (Tex. App.—Beaumont Nov. 10, 2010, no pet.) (mem. op.) (dismissing interlocutory appeals from trial court's orders granting pleas to the jurisdiction filed by non-governmental co-defendants of governmental unit); *Sanders v. City of Grapevine*, 218 S.W.3d 772, 776 (Tex. App.—Fort Worth 2007, pet. denied) (holding that order dismissing claims against city officials in their individual capacities was not an appealable interlocutory order under Section 51.014(a)(8)). As the Fourteenth Court of appeals explained in dismissing the appeal of private developers who attempted to join in the interlocutory appeal of an order denying Harris County's plea to the jurisdiction:

> We find no authority which allows a party to bootstrap an unappealable interlocutory order to a governmental entity's statutory interlocutory appeal of a denial of a plea to the jurisdiction. To accept the Developers' arguments would require a holding which grants the right of interlocutory appeal to any co-defendant of a governmental unit filing a plea to the jurisdiction. Strictly construing the interlocutory appeal statute, we cannot say that it permits such an overly broad

interpretation. Accordingly, we overrule the Developers' issue on appeal and grant appellees' motion to dismiss the Developers' appeal as we are without jurisdiction to consider it.

*City of Houston v. Grudziecke*, No. 14-02-00947-CV, 2003 WL 1922671, at \*4 (Tex. App.—Houston [14th Dist.] Apr. 24, 2003, no pet.) (mem. op.); *see generally Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 627 n.24 (Tex. App.—Fort Worth 2007, pet. denied) ("An interlocutory order that is explicitly appealable under section 51.014 may not be used as a vehicle for carrying other nonappealable interlocutory orders to the appellate court.").[3]

The circumstances of this case are analogous to those in *Grudziecke*. Yantis, a private entity, is attempting to bootstrap the nonappealable interloctuory order denying its own plea to the jurisdiction to the City's statutory interlocutory appeal of the order denying the City's plea to the jurisdiction. Because no authority grants Yantis the right of interlocutory appeal, this Court must dismiss Yantis's appeal for lack of jurisdiction. Independent of the Court's decision concerning jurisdiction over Carowest's declaratory judgment claims against the City, this Court lacks the power to render a decision regarding jurisdiction over

---

[3]     Even if a private party could pursue an interlocutory appeal when its interests were identical to an appealing governmental unit's, Yantis would have no right to appeal here. Yantis openly concedes that its "position differs from that of the City" as it regards the triggering of Carowest's alleged obligation to indemnify and hold harmless the City. Yantis Br. at 8. Yantis on the one hand claims a right to interlocutory appeal on the basis that its interests are aligned with those of the City, while on the other it seeks judgment on issues where its interests and the City's clearly diverge.

Carowest's declaratory judgment claims against Yantis. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990) (per curiam) (holding that in the absence of express statutory authorization, the assumption of appellate jurisdiction over an interlocutory appeal is fundamental error).

## Prayer

For the foregoing reasons, Carowest respectfully requests that the Court dismiss Yantis's appeal of the district court's order denying Yantis's plea to the jurisdiction.[4] Carowest further requests that any costs associated solely with Yantis's attempted appeal be assessed against Yantis. Carowest further requests such other and further relief as the Court deems proper under the circumstances.

---

[4] The mandate need not issue until the conclusion of the appeal.

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Thomas R. Phillips*
    Thomas R. Phillips
    State Bar No. 00000022
    Maddy R. Dwertman
    State Bar No. 24092371
    98 San Jacinto Blvd., Suite 1500
    Austin, Texas 78701
    (512) 322-2500
    (512) 322-2501 (Facsimile)
    tom.phillips@bakerbotts.com
    maddy.dwertman@bakerbotts.com

**DAVIS & SANTOS, P.C.**

    Jason Davis
    State Bar No. 00793592
    Caroline Newman Small
    State Bar No. 24056037
    719 Flores St.
    San Antonio, Texas 78204
    (210) 853-5882
    (210) 200-8395 (Facsimile)
    jdavis@dslawpc.com
    csmall@dslawpc.com

    **ATTORNEYS FOR APPELLEE**
    **CAROWEST LAND, LTD.**

## CERTIFICATE OF CONFERENCE

I certify that on January 2, 2018 and January 4, 2018, respectively, counsel for Appellee conferred with Lamont A. Jefferson, counsel for YC Partners, Ltd., and G. Alan Waldrop, counsel for the City of New Braunfels, who confirmed that Appellants are opposed to this motion and the relief requested herein.

*/s/ Thomas R. Phillips*
Thomas R. Phillips

## CERTIFICATE OF SERVICE

I certify that on January 4, 2018, a true and correct copy of the foregoing motion was served via the Court's Electronic Filing System on the following counsel of record:

G. Alan Waldrop
Ryan D. V. Greene
TERRILL & WALDROP
810 West 10th Street
Austin, Texas 78701
awaldrop@terrillwaldrop.com
rgreene@terrillwaldrop.com

Lawrence Morales, II
Chuck Shipman
THE MORALES FIRM, P.C.
6243 W. IH 10, Suite 132
San Antonio, Texas 78201
lawrence@themoralesfirm.com
cshipman@themoralesfirm.com

Valeria M. Acevedo
J. Frank Onion, III
CITY OF NEW BRAUNFELS, TEXAS
CITY ATTORNEY'S OFFICE
424 S. Castell Ave.
New Braunfels, Texas 78130
vacavedo@nbtexas.org
fonion@nbtexas.org

Lamont A. Jefferson
Emma Cano
JEFFERSON CANO
112 East Pecan St., Suite 1650
San Antonio, Texas 78205
ljefferson@jeffersoncano.com
ecano@jeffersoncano.com

*Attorneys for Appellant*
*YC Partners, Ltd., d/b/a Yantis Company*

*Attorneys for Appellant*
*City of New Braunfels, Texas*

 /s/ Thomas R. Phillips
Thomas R. Phillips