# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-19-00200-CV

### Paul Johnson, Appellant

**v.**

### Mark Boehnke, Marilyn Wilson, Leslie Muller, and Richard Petree, Appellees

## FROM THE 335TH DISTRICT COURT OF BASTROP COUNTY
## NO. 223-335, THE HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, Paul Johnson contends that the trial court erred in granting the plea to the jurisdiction filed by several employees[1] of the Bastrop Central Appraisal District (the District) and dismissing his claims against them.  We affirm the portion of the trial court's order dismissing Johnson's claims against the employees in their official capacities and dismiss for lack of subject-matter jurisdiction the portion of this appeal pertaining to Johnson's claims against the employees in their individual capacities.

## BACKGROUND

Johnson filed an original petition against the District appealing an order of its Appraisal Review Board (ARB) denying his application for an "open space" appraisal, which would have reduced his property taxes.  *See* Tex. Tax Code §§ 23.51(1) (defining "qualified

---

[1] The employees are appellees Mark Boehnke, Marilyn Wilson, Leslie Muller, and Richard Petree.

open-space land"), 42.01 (providing property owner right to appeal order of ARB); *see also id.* § 23.54 (outlining procedures for filing application for open-space appraisal). Johnson amended his petition several times, adding claims for fraud and "official oppression" and seeking damages. Johnson then filed his live (third amended) petition, adding as defendants several District employees in both their official and individual capacities. Johnson alleged that the employees (1) "subjected him to assessments they knew were unlawful" because they knew the appraisal manual they followed in processing his application was "in conflict with" the law and (2) "demanded" he provide them with information to process his application that they knew he was not legally required to provide.

The employees filed a plea to the jurisdiction, contending that (1) Johnson does not have standing to pursue criminal charges for official oppression, *see* Tex. Penal Code § 39.03(a); (2) Johnson irrevocably elected to sue the District rather than its employees regarding the same subject matter, depriving the court of jurisdiction over his claims against the employees, *see* Tex. Civ. Prac. & Rem. Code § 101.106(a); and (3) the Property Code provides an exclusive remedy for Johnson's complaint, depriving the court of jurisdiction to consider his claims against the individual employees, *see* Tex. Tax Code § 42.09(a).

The trial court found that the plea to the jurisdiction was "meritorious" and held that the employees "are entitled immunity from the claims asserted against them." Accordingly, the trial court granted the plea and dismissed "all claims" against the employees with prejudice. Johnson filed this interlocutory appeal of that order.

**STANDARD OF REVIEW**

A plea to the jurisdiction challenges a court's authority over the subject matter of a claim. *City of Ingleside v. City of Corpus Christi*, 469 S.W.3d 589, 590 (Tex. 2015) (per curiam). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Id.* We construe the pleadings liberally and in light of the pleader's intent to determine if the plaintiff has alleged facts affirmatively demonstrating the trial court's jurisdiction to hear the claim. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018).

**DISCUSSION**

Johnson contends on appeal that "each ground that Appellees pled for their Plea to the Jurisdiction is groundless." Because the trial court's order did not specify which of the grounds it found meritorious, we need not address each ground raised by the employees if we conclude that the trial court's order was correct on any of the grounds. *See Combined Specialty Ins. v. Deese*, 266 S.W.3d 653, 657 (Tex. App.—Dallas 2008, no pet.).

*Election of remedies*

The employees contended in their plea to the jurisdiction that Johnson's initial filing of his lawsuit against only the District constituted an irrevocable election under the Texas Tort Claims Act (TTCA) barring any suit or recovery by him against any individual employee of the District regarding the same subject matter. *See* Tex. Civ. Prac. & Rem. Code § 101.106(a). Therefore, they argue on appeal, the trial court properly dismissed his claims against them. *See Molina v. Alvarado*, 463 S.W.3d 867, 871 (Tex. 2015) (per curiam) (holding that when plaintiff initially filed suit against only governmental unit rather than its employee, that irrevocable election barred him from later suing employee of governmental unit regarding same subject

3

matter, and rendering judgment for employee on his summary-judgment motion). Johnson retorts that the TTCA's election-of-remedies provision does not apply because he filed "ultra vires" claims against the employees rather than claims "under" the TTCA. However, while Johnson frames his claims on appeal as "ultra vires," his pleadings allege only intentional torts against the employees—for which he seeks damages—and do not allege any ultra vires claims against them. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372, 374 (Tex. 2009) (defining ultra vires claims as those alleging that governmental officer either acted without legal authority or failed to perform purely ministerial act and explaining that plaintiff may seek through such claims only prospective remedies, such as injunctive relief, rather than retrospective remedies, such as damages). We, therefore, review the propriety of the trial court's ruling dismissing the claims that Johnson actually alleged in his pleadings (i.e., fraud and "official oppression").

Section 101.106(a) of the TTCA provides

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

Tex. Civ. Prac. & Rem. Code § 101.106(a). The purpose of this section is "to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). Furthermore,

> Because the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, **all tort theories alleged against a government unit**,

4

whether it is sued alone or together with its employees, **are assumed to be "under [the TTCA]" for the purposes of section 101.106**.

*Id.* at 659 (emphases added) (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622–23 (Tex. 1997)). This is true even for claims that the TTCA specifically declares it does not apply to, such as intentional torts.[2] *See id.* at 658; *see also McFadden v. Olesky*, 517 S.W.3d 287, 298 (Tex. App.—Austin 2017, pet. denied) (citing *Franka v. Velasquez*, 332 S.W.3d 367, 379–80 (Tex. 2011) (concluding that malicious-prosecution claim against governmental unit or its employees fell under TTCA for purposes of election-of-remedies provision)); *Keleman v. Elliott*, 260 S.W.3d 518, 523 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (concluding same about "official oppression" and harassment claims).

Accordingly, even though Johnson did not assert in his pleadings that his tort claims against the District were brought "under" the TTCA, they presumptively are brought "under" the act for the purposes of the irrevocable-election statute. *See Garcia*, 253 S.W.3d at 659. Therefore, Johnson's prior irrevocable election to sue the District bars his later fraud and "official oppression"[3] claims against the employees, and the trial court properly determined that

---

[2] The supreme court concluded that intentional-tort claims are considered to fall "under" the TTCA despite text in the act stating, "This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort." *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). Thus, Johnson's contention that his claims are not "under" the TTCA due to similar text in section 101.055 of the act—stating that the "chapter does not apply to a claim arising in connection with the assessment or collection of taxes by a governmental unit"—is meritless. *See* Tex. Civ. Prac. & Rem. Code § 101.055(1).

[3] Under Texas law, there is no common-law tort of official oppression. Rather, official oppression is a criminal offense for which there is no private cause of action. *See* Tex. Penal Code § 39.03(a) (defining offense as, relevantly, "public servant acting under color of his office or employment" intentionally subjecting another to assessment "that he knows is unlawful"); *Geiger v. Landes*, No. 12-01-00152-CV, 2002 WL 169284, at *3 (Tex. App.—Tyler Jan. 31, 2002, pet. denied) (per curiam) (not designated for publication) (holding that "official oppression" does

5

it did not have jurisdiction over those claims. *See* Tex. Civ. Prac. & Rem. Code § 101.106(b); *Molina*, 463 S.W.3d at 871.

***Interlocutory appeal of dismissal of claims against employees in their respective individual capacities***

We sua sponte address our jurisdiction over this interlocutory appeal as it pertains to the portion of the trial court's order dismissing Johnson's claims against the employees in their individual capacities. *See Freedom Comm'cns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam) ("We must consider our jurisdiction, even if that consideration is sua sponte."). Because the trial court's order granting the plea to the jurisdiction addresses only the claims against the employees, and the record contains no indication that the trial court has disposed of Johnson's claims against the District, the order is not final. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (holding that order is final when it disposes of all claims and parties).

This Court does not have jurisdiction to consider immediate appeals of interlocutory orders unless a statute explicitly provides such jurisdiction. *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Section 51.014(a)(8) of the Civil Practice and Remedies Code authorizes appeals of a trial court's interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). We strictly construe this section as a "narrow exception to the general rule that only final judgments are appealable." *Koseoglu*, 233 S.W.3d at 841.

---

not exist as private cause of action). Accordingly, the trial court properly dismissed Johnson's "official oppression" claims against the employees for this additional reason.

While a state employee sued in his *official* capacity may challenge the trial court's jurisdiction by filing a plea to the jurisdiction, and the trial court's ruling on the plea is within the scope of section 51.014(a)(8), *id.* at 843, when a state employee sued in his *individual* capacity has been dismissed from a case on an order granting a plea to the jurisdiction that does not constitute a final judgment, that order is not subject to an interlocutory appeal, *see Adams v. Harris County*, No. 04-15-00287-CV, 2015 WL 8392426, at *4 (Tex. App.—San Antonio, Dec. 9, 2015, pet. denied) (mem. op.) (dismissing for want of jurisdiction portion of interlocutory appeal from trial court's ruling on plea to jurisdiction filed by state employee sued in his individual capacity because ruling was not one "granting or denying a plea . . . of a governmental unit" and thus not authorized by section 51.014(a)(8)); *Sanders v. City of Grapevine*, 218 S.W.3d 772, 776 (Tex. App.—Fort Worth 2007, pet. denied) (holding that trial court's order granting plea to jurisdiction and dismissing claims against city officials in their individual capacities was not appealable interlocutory order under section 51.014(a)(8)). Accordingly, we dismiss for want of jurisdiction Johnson's interlocutory appeal as it pertains to the portion of the trial court's order granting the employees' plea to the jurisdiction on the claims against them in their individual capacities. *See Adams*, 2015 WL 8392426, at *4.

## CONCLUSION

We affirm the portion of the trial court's order granting the employees' plea to the jurisdiction and dismissing all of Johnson's claims against them in their official capacities. We dismiss for want of jurisdiction Johnson's interlocutory appeal of the portion of the trial court's order granting the employees' plea to the jurisdiction dismissing Johnson's claims against them in their individual capacities.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed in Part; Dismissed for Want of Jurisdiction in Part

Filed:   September 18, 2019