

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00083-CV

**VIA METROPOLITAN TRANSIT AUTHORITY**,
Appellant

v.

Shantinia **REYNOLDS**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2015-CV-03641
Honorable David J. Rodriguez, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:      Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice
              Irene Rios, Justice

Delivered and Filed:  July 18, 2018

AFFIRMED

This is an interlocutory appeal in which appellant, VIA Metropolitan Transit ("VIA"), appeals a trial court's order denying its plea to the jurisdiction. On appeal, VIA contends the trial court erred in denying its plea to the jurisdiction because it is immune from suit and the motor-driven vehicle exception of the Texas Tort Claims Act ("TTCA") does not clearly and unambiguously waive its immunity from suit. We recently addressed these same issues in *VIA Metropolitan Transit v. Meck,* No. 04-17-00108-CV, 2018 WL 1831681 (Tex. App.—San Antonio

April 18, 2018, no pet. h.) (mem. op.).  Based on our analysis and holding in *Meck*, we affirm the trial court's order denying VIA's plea to the jurisdiction.[1]

## BACKGROUND

Appellee Shantinia Reynolds was injured while riding as a passenger on a bus operated by VIA.  According to Reynolds, the bus driver rear-ended a vehicle when it was turning right onto an access road.  Reynolds sued VIA for negligence, alleging VIA owed its passengers a duty to exercise a high degree of care because it is a common carrier, and her injuries were proximately caused by VIA's breach of said duty.

VIA filed a plea to the jurisdiction, arguing that to the extent Reynolds's negligence claim against it was based on the "high degree of care" standard of care, the claim should be dismissed for lack of jurisdiction because it is immune from suit.  In its plea, VIA specifically argued it is immune from suit because it is a governmental entity that exercises solely governmental functions as opposed to proprietary functions.  VIA further argued its immunity is not waived under the motor-driven vehicle exception set forth under the TTCA because the motor-driven vehicle exception only waives immunity for tort claims involving ordinary negligence as opposed to slight negligence, i.e. the "high degree of care" standard of care.

The trial court denied VIA's plea to the jurisdiction.  This appeal followed.

## ANALYSIS

On appeal, VIA contends the trial court erred in denying its plea to the jurisdiction because it is immune from suit and its immunity is not waived.  According to VIA, it is immune from suit because it is a governmental entity that exercises purely governmental functions as opposed to proprietary functions.  VIA further contends its immunity from suit is not clearly and

---

[1] In its brief, VIA admits its arguments would be resolved by our decision in *Meck*, which was pending at the time appellate counsel for VIA filed its brief in this appeal.

unambiguously waived by the motor-driven vehicle exception set forth under the TTCA because the exception only waives immunity for tort claims involving ordinary negligence.

### *Standard of Review*

Because governmental immunity from suit defeats a trial court's subject matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 69 (Tex. App.–Austin 2009, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224–26 (Tex. 2004)). "A plea questioning the trial court's jurisdiction raises a question of law that we review de novo." *Holland*, 221 S.W.3d at 642. In conducting our de novo review, we look to the plaintiff's petition to determine whether the facts as pled affirmatively demonstrate whether jurisdiction exists. *Id*. at 642–43. We must accept the allegations in the petition as true, construe them in favor of the pleading party, and examine the pleader's intent. *Miranda*, 133 S.W.3d at 226; *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Stevens*, 330 S.W.3d 335, 337 (Tex. App.– San Antonio 2010, no pet.). We also consider any evidence relevant to jurisdiction without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Miranda*, 133 S.W.3d at 226–27. When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts affirmatively demonstrating the trial court's jurisdiction to hear the matter. *Id*. at 226. If the relevant evidence fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Id*. at 228. In the event the pleadings are insufficient to establish jurisdiction yet do not affirmatively demonstrate an incurable defect, then the plaintiff should be afforded an opportunity to replead. *Holland*, 221 S.W.3d at 642.

***Applicable Law***

In general, a governmental entity is immune from suit absent an express waiver of immunity. *Meck*, 2018 WL 1831681, at *3. "[I]t is the Legislature's sole province to waive or abrogate sovereign immunity." *Id.* (quoting *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002)). Legislative consent to sue must be expressed in clear and unambiguous language. *Id.*

"The TTCA provides for limited waivers of immunity from suit against governmental entities for claims arising from three general areas: (1) injury caused by an employee's operation or use of a motor-driven vehicle or motor-driven equipment, (2) injury caused by a condition or use of tangible property, and (3) injury caused by a condition or use of real property." *Id.* (quoting *City of Houston v. Nicolai*, No. 01–16–00184–CV, 2017 WL 3634279, at *5 (Tex. App.—Houston [1st Dist.] Aug. 24, 2017, no pet.)); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). Under the motor-driven vehicle exception, a governmental entity is liable for:

   (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:

     (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

     (B) the employee would be personally liable to the claimant according to Texas law . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

***Application***

As noted above, we recently addressed both of VIA's contentions regarding immunity from suit and waiver of immunity under the motor-drive vehicle exception of the TTCA in *Meck*. *See* 2018 WL 1831681, at *4-*5. In *Meck*, we noted that this court has recognized that "VIA is a governmental unit with exclusively governmental functions." *Id.* at *4 (quoting *Martinez v. VIA*

*Metro. Transit Auth.*, 38 S.W.3d 173, 175 (Tex. App.—San Antonio 2000, no pet.)). Thus, as we held in *Meck,* we hold VIA is immune from suit unless its immunity has been waived. *See id.*

Having determined VIA is a governmental entity, which is generally immune from suit, we now turn our attention to determining whether VIA's immunity from suit is waived under the motor-driven vehicle exception of the TTCA. According to VIA, the motor-driven vehicle exception of the TTCA waives immunity only for ordinary negligence claims as opposed to negligence claims involving a "high degree of care" standard. In *Meck*, we analyzed the language of the motor-driven vehicle exception, concluding the exception "waives immunity for personal injuries proximately caused by an employee's negligent operation or use of a motor-driven vehicle if the employee would be personally liable to the claimant under Texas law." *Id.* We noted that "[n]owhere in the motor-driven vehicle exception are specific standards of care expressly mentioned as is the case with other exceptions under the TTCA," and thus, "to determine whether VIA's immunity is waived by the motor-driven vehicle exception, we must determine whether the bus driver would be liable." *Id.* We then pointed out that "in cases involving common carriers, a motor vehicle operator, like a bus driver, would be liable if he or she failed to exercise a 'high degree of care.'" *Id.* We therefore held that "contrary to VIA's assertion, the motor-driven vehicle exception is *not* limited to tort claims alleging only an ordinary standard of care; rather, the exception incorporates whatever standard of care, including a 'high degree of care,' may be applicable to the case." *Id.*

Having revisited our analysis in *Meck,* we hold our decision in *Meck* controls this appeal. Here, like the plaintiff in *Meck*, Reynolds argued VIA was a common carrier and its bus driver would be personally liable under Texas law because he allegedly breached a "high degree of care" to which he is allegedly subject. *See id.* at *5. Accordingly, we conclude that for the purposes of waiver of immunity, the motor-driven vehicle exception is satisfied, and as a result, immunity is

waived under the TTCA. *See id.* Therefore, because we conclude VIA's immunity from suit is waived, we hold the trial court did not err in denying VIA's plea to the jurisdiction as to Reynolds's claim.

## CONCLUSION

Based on the foregoing, we affirm the trial court's order denying VIA's plea to the jurisdiction.

Marialyn Barnard, Justice